UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In Re:<br><br>CONSOLIDATED MERIDIAN FUNDS, a/k/a MERIDIAN INVESTORS TRUST, et al.,<br><br>Debtors. | Case No. 10-17952-KAO |
| MARK CALVERT, as Liquidating Trustee of the MERIDIAN INVESTORS TRUST, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ZIONS BANCORPORATION, a Utah Corporation; and THE COMMERCE BANK OF WASHINGTON, N.A., a federally chartered commercial bank,<br><br>Defendants. | Adv. Pro. No. 12-01767-KAO<br><br>PLAINTIFFS' OPPOSITION TO THE COMMERCE BANK OF WASHINGTON, N.A. MOTION TO DISMISS |

## I.    INTRODUCTION

On January 3, 2013, the Court entered its Order on Defendant The Commerce Bank of

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS – 1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51292174.3

1  Washington, N.A.'s[1] Motion to Dismiss (the "Prior Order"; Dk. No. 55). Plaintiffs thereafter

2  filed their First Amended Complaint[2], which continues to allege that Defendant aided and

3  abetted Darren Berg's breaches of fiduciary duty and fraud (the "FAC"; D. No. 62). The FAC

4  pleads additional factual detail as required by the Court's Prior Order. Despite the FAC's

5  additional factual detail, Defendant has filed a Motion to Dismiss the FAC (the "Motion"),

6  essentially arguing that Plaintiffs should be required to plead with even more particularity. The

7  arguments in Defendant's Motion should be rejected for at least the following reasons:

8  *First*, Plaintiffs have adequately alleged that Berg owed them a fiduciary duty.

9  Specifically, Plaintiffs were the beneficiaries of custodial accounts at Commerce for which Berg

10  was the custodian, and therefore Berg owed them a fiduciary duty. *See In re Marriage of Petrie*,

11  105 Wash. App. 268; 19 P.3d 443 (2001) (custodian of custodial accounts owes fiduciary duty to

12  account beneficiaries, including a duty of loyalty not to commingle personal and custodial

13  funds). That is a separate and distinct fiduciary duty than the one alleged in the original

14  complaint to have been owed by Berg as a result of being the investment manager for the Funds.

15  *Second*, Plaintiffs have adequately pled Berg's intent to create custodial accounts and

16  Defendant's knowledge of the same. Among other things, Berg and Defendant had an email

17  exchange regarding the "custodial" accounts and investors often wrote checks to, for example,

18  "MMIF Fund VII Custodial Account." Defendant also knew Berg commingled Fund monies

19  with monies in his personal accounts and with monies of his bus companies, and indeed,

20  Defendant regularly interacted with Berg in helping him execute such transactions. Those

21  allegations give rise to a plausible inference that Defendant knew Berg was breaching his

22  fiduciary duties as a custodian to the Plaintiffs here who were the account beneficiaries. *See*

23  *Lerner v. Fleet Bank Bank, N.A.*, 459 F.3d 273, 295 (2nd Cir. 2006) (defendant bank had actual

24  notice of breaches of fiduciary duty "by reason of the fact that Schick Attorney Fiduciary

---

[1] Referred to herein as "Commerce" or "Defendant."
[2] A blacklined version of the First Amended Complaint is attached as Exhibit A (without exhibits) to this Opposition, for the Court's reference.

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS – 2

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51292174.3

1  Accounts were overdrawn; numerous checks written on Schick Attorney Fiduciary Accounts
2  were dishonored for insufficient funds; and Schick on numerous occasions … transferred funds
3  from the Schick Attorney Fiduciary Accounts to his personal account(s).")

*Third*, Plaintiffs have adequately alleged that Defendant's aiding and abetting of Berg's
breaches of fiduciary duty proximately caused them harm. Plaintiffs allege that (a) monies were
transferred out of the custodial accounts of which they were beneficiaries and used by Berg to
pay his personal expenses and expenses of his bus companies, which transactions caused
Plaintiffs direct economic loss equal to the amounts so transferred, and (b) but for Defendant's
conduct Berg's breaches of fiduciary duty and fraudulent scheme would have been discovered by
investors as early as the start of the relationship with Defendant in 2004, and thus none of
Plaintiffs' investments (including re-investments in the form of continued renewals of
promissory notes and accrual of interest payments under the Notes) would have been made
thereafter and no such monies would have been lost.

*Fourth*, the FAC, like the original complaint, adequately alleges Berg's predicate fraud.
It alleges, among other things, that Berg defrauded investors by representing that their
investments would be and were being used for the sole purchase of investing in seller-financed
real estate contract, hard money loans, real estate, and mortgage-backed securities, when in
reality Berg was using investments in the Funds to, among other things, finance his own lavish
lifestyle and pay expenses for his unrelated bus companies.

*Fifth*, Plaintiffs properly allege that Defendant (a) had knowledge that Berg was
representing to investors that investment monies would be used for the sole purpose of investing
in seller-financed real estate contracts, hard money loans, real estate and mortgage-backed
securities, including by virtue of having seen subscription agreements or offering documents for
the Funds, through communications with Meridian and through confirmation requests from Moss
Adams, and (b) further had knowledge that Berg's representations were false because Defendant
knew that Berg was using Fund monies to pay personal expenses, to pay expenses of his bus

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS – 3

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51292174.3

Case 12-01767-TWD  Doc 66  Filed 04/24/13  Ent. 04/24/13 16:31:44  Pg. 3 of 77

companies, and commingling monies between the various Meridian Funds. Since Plaintiffs have pled factual allegations that Defendant knew that Berg was engaging in conduct directly contrary to his representations to investors, they have plausibly pled Defendant's knowledge of Berg's fraud.

*Sixth*, Plaintiffs have adequately alleged that Defendant's substantial assistance of Berg's fraud proximately caused them damage. Plaintiffs allege that with knowledge of Berg's fraud and breaches of fiduciary duty, Defendant, among other things, substantially assisted Berg by allowing Berg to commingle monies and engage in consistent overdraft activity. The Court also previously held that even "ordinary banking transactions which a bank performs for its customer can support a claim for aiding and abetting if the bank has knowledge that the transactions are assisting in committing a specific tort." [Dk. No. 55 at 32:5-6, citing *In re First Alliance Mortgage*, 471 F.3d at 994-95] Likewise, Defendant's substantial assistance in that regard caused Plaintiffs' damages for the same reason Defendant's substantial assistance to Berg in breaching his fiduciary duties caused them damages.

Accordingly, the Court should deny Defendant's Motion to Dismiss in its entirety. However, in the event the Court is inclined to grant any portion of Defendant's Motion, it should grant Plaintiffs at least thirty (30) days leave to file a second amended complaint.

## II.    FACTS AND PROCEDURAL BACKGROUND

This adversary proceeding relates to Defendant's role in Frederick Darren Berg's ("Berg") breaches of fiduciary duty and fraud committed in connection with the Meridian Funds (the "Funds") in which the Plaintiffs here were investors. Specifically, this aiding and abetting proceeding relates to the knowing substantial assistance and encouragement Defendant gave Berg in breaching his fiduciary duties to Plaintiffs and in defrauding Plaintiffs.

The FAC contains a new allegation that Berg owed a fiduciary duty to investors by virtue of the fact that each fund had a custodial account at Commerce for which Berg was the custodian, and of which Plaintiffs were the beneficiaries. [FAC, ¶¶ 5.6-5.10; 6.3-6.8] That

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS – 4

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51292174.3

Case 12-01767-TWD    Doc 66    Filed 04/24/13    Ent. 04/24/13 16:31:44    Pg. 4 of 77

1   fiduciary duty is separate and apart from the fiduciary duty alleged in the original complaint to

2   exist by virtue of Berg being an investor manager for the Funds.[3] [FAC, ¶ 5.7; 6.3] The FAC

3   alleges Berg's intent to create custodial accounts, and Defendant's knowledge of the same

4   through, for example, an email exchange between Berg and Tom Rook at Commerce referring to

5   the fact that Moss Adams sent Meridian an email requesting a confirmation for "each custodial

6   account." [FAC, ¶ 5.10] Berg's intent to create custodial accounts and Defendant's knowledge

7   of the same is further alleged to exist by virtue of the fact that investors often wrote their checks

8   to, for example, "MMIF VIII-Custodial Account" and offering documents for the Funds

9   directing investors to make their checks out in that manner. [Id.; see also FAC, ¶ 5.9] The terms

10  of the custodial account were that investor monies deposited into the custodial accounts would be

11  used for the purpose of investing in seller-financed real estate contracts, hard money loans, real

12  estate, and mortgage-backed securities. [FAC, ¶ 5.8]

13      The FAC alleges Berg breached his fiduciary duties, including the duty of loyalty by, for

14  example, (a) commingling money in his personal accounts with Fund money, including Fund

15  money in the custodial accounts; (b) using Fund money, including from the custodial accounts,

16  to pay personal expenses and finance his lavish lifestyle; (c) commingling Fund money,

17  including Fund money in the custodial accounts, with money of Berg's bus companies; (d) using

18  Fund money, including Fund money in the custodial accounts, to pay expenses for his bus

19  companies; and (e) commingling monies between the various Meridian Funds, including

20  commingling in the custodial accounts. [FAC, ¶ 5.12]

21      The FAC further alleges Defendant substantially assisted or encouraged Berg in his

22  breaches of fiduciary duty because, among other things, it knowingly: (a) allowed Berg to freely

23  commingle monies between his personal accounts, Meridian Fund accounts, including custodial

24  accounts, and accounts of Berg's bus companies; (b) allowed Berg to transfer monies from

25

26  _____
    [3] The FAC continues to allege Berg owed Plaintiffs a fiduciary duty as a manager of the Funds, but Plaintiffs
    recognize the Court's Prior Order and have not re-briefed that issue here.

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51292174.3

Meridian Fund accounts, including Meridian Fund custodial accounts, to his personal accounts and to finance his lavish lifestyle and pay personal debts, including debts related to his multi-million dollar Mercer Island, Washington home; (c) allowed Berg to transfer monies from Meridian Fund accounts, including Meridian Fund custodial accounts, to accounts of his bus companies and to purchase luxury buses for his bus companies; and (d) allowed Berg to transfer monies between accounts, including custodial accounts, of different Meridian Funds. Such transfers and commingling was generally not accomplished through self-executing transactions but rather "Berg regularly interacted with Commerce employees who helped him execute transactions which were a breach of his fiduciary duty." [FAC, ¶¶ 5.13, 6.6] Defendant even suggested at times that when Berg's personal accounts or a bus company account was overdrawn, monies from a Meridian Fund account be transferred to the overdrawn account to correct the problem. [FAC, ¶ 1.7]

Regarding Berg's fraud, the FAC alleges that Berg defrauded investors by representing to them that their investment monies would be used for the purpose of investing in seller-financed real estate contracts, hard money loans, real estate, and mortgage-backed securities, when in fact he was using investment monies for other purposes such as to finance his own lavish lifestyle and to pay expenses of his unrelated business companies. [FAC, ¶¶ 1.6, 5.4, 5.15, 7.4] The FAC further makes the new allegation that even if Defendant did not have knowledge that Berg was running a Ponzi scheme, it had knowledge that Berg was defrauding investors via the aforementioned representations. [FAC, ¶¶ 5.15, 7.4] Defendant had knowledge of Berg's representations because it saw offering documents for the Funds, through communications with the Funds, and otherwise. [FAC, ¶ 5.15, 7.4] Further, Defendant knew that Berg's representations were false by virtue of its knowledge that Berg was commingling personal monies with Fund monies, commingling Fund monies with monies of his unrelated bus companies, and commingling monies between Funds. [*Id.*] Defendant substantially assisted Berg in his fraud generally in the same way it assisted in the breaches of fiduciary duty – i.e., by

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS – 6

**FOSTER PEPPER PLLC**
**1111 THIRD AVENUE, SUITE 3400**
**SEATTLE, WASHINGTON 98101-3299**
**PHONE (206) 447-4400 FAX (206) 447-9700**

51292174.3

Case 12-01767-TWD Doc 66 Filed 04/24/13 Ent. 04/24/13 16:31:44 Pg. 6 of 77

knowingly allowing Berg to commingle monies and execute transactions which were fraudulent. [FAC, ¶¶ 5.16, 7.5]

The FAC further alleges that Defendant's conduct proximately caused Plaintiffs harm in that (a) Fund monies, including monies in the custodial accounts, were transferred out of Fund accounts, including the custodial accounts, for purposes unrelated to the particular Fund and unrelated to investment of said monies in seller-financed real estate contracts, hard money loans, real estate, and mortgage-backed securities, including direct and indirect transfers from the custodial accounts to pay Berg's personal expenses and to pay expenses of Berg's bus companies, and Plaintiffs received no benefit for such transfers and monies so transferred resulted in direct economic loss to Plaintiffs, who were investors (and thus beneficiaries of the custodial accounts) at the time of the transfers; and (b) but for Defendant's conduct, Berg would have been unable to carry out, or continue to carry out, his breaches of fiduciary duty and fraudulent scheme, and thus, but for Defendant's wrongful conduct, the fraudulent scheme would have been discovered as early as the start of the relationship with Defendant in 2004, meaning that none of the investments (including re-investments in the form of continued renewals of Notes and accrual of interest payments under the Notes, or otherwise) made by Plaintiffs after such time would have been made and such monies would not have been lost. [FAC, ¶¶ 6.8, 7.8]

## III.   ARGUMENT

### A.   THE ELEMENTS OF CIVIL AIDING AND ABETTING LIABILITY

As the Court held in its Prior Order, Washington follows the Restatement (Second) of Torts Section 876 ("Section 876") with respect to civil aiding and abetting liability. *See* Dk. No. 55 at 14:10-20; *Westview Investments, Ltd. v. U.S. Bank Ass'n*, 133 Wash. App. 835, 853 (2006); *Martin v. Abbot Laboratories*, 102 Wash. 2d 581, 596 (1984). As applicable here, Section 876 provides: "For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he … (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself. Accordingly,

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS – 7

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51292174.3

Case 12-01767-TWD    Doc 66    Filed 04/24/13    Ent. 04/24/13 16:31:44    Pg. 7 of 77

this Court previously held that to state a claim for aiding and abetting under Section 876(b), a plaintiff must allege: (a) the existence of a violation by the primary wrongdoer; (b) knowledge of the violation by the aider and abettor; and (c) that the aider and abettor substantially assisted in the primary wrong. *See* Dk. No. 55 at pp. 20-24.

**B.    PLAINTIFFS HAVE STATED A CAUSE OF ACTION FOR AIDING AND ABETTING BREACH OF FIDUCIARY DUTY**

Defendant's Motion does <u>not</u> challenge the adequacy of Plaintiffs' allegations of Berg's breach of fiduciary duty[4].  Nor does Defendant's Motion challenge the adequacy of Plaintiffs' allegations that Defendant substantially assisted Berg in breaching his fiduciary duty.  Instead, Defendant raises three other challenges to Plaintiffs' aiding and abetting breach of fiduciary duty allegations – (a) whether Plaintiffs have adequately alleged Berg owed them a fiduciary duty; (b) whether Plaintiffs have adequately alleged Defendant's knowledge of Berg's breaches of fiduciary duty; and (c) whether Plaintiffs have adequately alleged proximate harm.  Plaintiffs' discussion of the aiding and abetting claims will focus solely on those three issues arguments made by Defendant.

**1.    Plaintiffs' FAC Adequately Alleged Berg Owed Them A Fiduciary Duty**

Plaintiffs, by alleging they were the beneficiaries of custodial accounts at Defendant for which Berg was the custodian (FAC, ¶¶ 5.6-5.7), have adequately alleged that Berg owed them a fiduciary duty.  *See In re Marriage of Petrie,* 105 Wash. App. 268; 19 P.3d 443 (2001) (custodian of custodial accounts owes fiduciary duty to account beneficiaries, including a duty of loyalty not to commingle personal and custodial funds).[5]  Defendant does not dispute the legal principal that a custodian of a custodial account owes a fiduciary duty to the account's beneficiaries, but instead argues that Plaintiffs have not alleged adequate facts to support such a relationship between themselves and Berg.  Defendant's arguments ignore the allegations in the

---

[4] Plaintiffs acknowledge that Defendant disputes whether Berg owed Plaintiffs a fiduciary duty.
[5] This allegation is separate and distinct from the argument that Berg owed Plaintiffs a fiduciary relationship by virtue of being a direct advisory relationship between Plaintiffs and Berg as the investment manager of the Funds. Plaintiffs recognize the Court's prior ruling on that issue.  [Dk. No. 55 at pp. 19-22]

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS – 8

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51292174.3

Case 12-01767-TWD    Doc 66    Filed 04/24/13    Ent. 04/24/13 16:31:44    Pg. 8 of 77

FAC and are merits-based. They do not provide grounds for dismissing this case at the pleading stage for at least three reasons.

*First*, Plaintiff has more than plausibly alleged that custodial accounts existed at Commerce for each of the Meridian Funds. The Court's Prior Order stated that Plaintiffs should plead "the terms of the trust or custodial arrangement, i.e., how the Investor Plaintiffs' funds were to be invested, such as in mortgage backed securities." The FAC does exactly that, as it pleads the terms of the custodial arrangement were that Plaintiffs' monies deposited into the custodial accounts were to be used to invest "in seller-financed real estate contracts, hard money loans, real estate, and mortgage-backed securities." [FAC, ¶¶ 1.3, 1.6, 5.4, 5.1, 5.8, 5.15, 5.29, 6.5] Defendant's argument simply ignores Plaintiffs' allegations. Likewise, consistent with the Prior Order, the FAC adequately alleges the "accounts were intended to be trust accounts." [Dk. No. 55 at 23:10-11] Facts alleged supporting that intent include, for example, that "subscription agreements or other offering documents for the Funds called for the checks to be written to the relevant 'Custodial Account' – for example 'MMIF VII- Custodial Account'" and that checks deposited into the custodial accounts were often written as such. [FAC, ¶¶ 5.9, 5.10][6] Plaintiffs further allege a specific email exchange between Berg and Defendant referencing confirmations sent by Moss Adams to Defendant "for each custodial account." [FAC, ¶ 5.10] Accordingly, while Defendant is free to challenge the custodial nature of the accounts at trial, the Court may not "attempt to forecast a plaintiff's likelihood of success on the merits" at the motion to dismiss stage. *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12–13 (1st Cir. 2011).

*Second*, Plaintiffs have plausibly alleged they were beneficiaries of the custodial accounts at Commerce. The FAC specifically alleges that "[t]he investors, including the Plaintiffs here, were the beneficiaries of the various Funds' custodial accounts." [FAC, ¶ 5.7] The plausibility of the allegation is demonstrated by the fact that many investors wrote their investment checks

---

[6] The Court's Prior Order noted that Defendant offered no explanation for why a subscription agreement attached to the Jassny Declaration submitted by Defendant "requests a subscriber to that fund to make their checks payable to "MMIFI Custodial Account." [Dk. No. 22 at 16-18] Defendant's Motion again offers no explanation for that fact.

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS – 9

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51292174.3

Case 12-01767-TWD    Doc 66    Filed 04/24/13    Ent. 04/24/13 16:31:44    Pg. 9 of 77

to, for example, "MMIF Fund VII Custodial Account." [FAC, ¶¶ 5.9, 5.10] The adequacy of Plaintiffs' allegation that they were beneficiaries of the custodial accounts is not changed by the fact the securities purchased by Plaintiffs were in the form of promissory notes. Defendant's argument to that effect is a merits-based argument for the jury that improperly asks the Court to "attempt to forecast a plaintiff's likelihood of success on the merits" at the motion to dismiss stage. *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12–13 (1st Cir. 2011) (court may not). Nonetheless, even if the Court delves into the merits of Defendant's argument that Plaintiffs were not beneficiaries of the custodial accounts because the securities they purchased were promissory notes, the argument is flawed. For an account to be custodial in nature, the custodian/trustee does not need to have discretion to invest custodial monies in whatever investment vehicle she deems appropriate. A fiduciary duty (including a duty of loyalty not to commingle personal and custodial monies) exists by virtue of the custodial relationship, regardless of whether discretion exists on how to treat custodial monies or whether custodial monies must be treated according to specific terms. For example, the Court recognized in its Prior Order that the terms of the custodial arrangement could be that investor money would be used to purchase mortgage-backed securities. [Dk. No. 55 at 25:10-11] Therefore, nothing about the promissory note aspect of Plaintiffs' investments is inconsistent with the allegation that Plaintiffs were the beneficiaries of the custodial account.

*Third*, the custodial nature of the accounts, and Plaintiffs' status as beneficiaries, is not changed by virtue of the "title" of the accounts. As the Court recognized in its Prior Order, "the designation on the accounts is not necessarily determinative." [Dt. No. 55 at 23:1-6, *citing Lerner*, 459 F.3d 273] While the "titles" on the custodial accounts often included phrases such as "PRIS FBO MMIF 7", that does not mean the Fund itself, rather than the investors, were the beneficiaries. Obviously, the account "title" was not going to include the names of hundreds of investors, and thus nothing about the account "title" changes the adequacy of Plaintiffs' allegations. Moreover, while PRIS may turn out to stand for PR Investor Services, that is of no

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS – 10

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51292174.3

1 important, as Berg is alleged to have dominated and controlled PR Investor Services even before
2 he acquired it in 2007, and thus it is a reasonable inference that he was the custodial of those
3 accounts before and after the acquisition.[7]  Defendant's argument to the contrary is merits-based
4 and inappropriate on a motion to dismiss.

### 2. Plaintiffs Have Adequately Alleged Defendant's Knowledge Of Berg's Breaches Of Fiduciary Duty

Plaintiffs have adequately alleged Defendant's knowledge of Berg's breaches of fiduciary
duty.  This Court previously held that actual knowledge does not have to be pled with
particularity but rather may be generally averred.  [Dk. No. 15 at 12-16]  Nonetheless, the Court
held Plaintiffs had not pled sufficient factual content to back up the allegation.  The FAC pleads
more than enough facts for the Court to draw a reasonable inference that Defendant had
knowledge of Berg's breaches of fiduciary duty.

Initially, Plaintiffs allege that Defendant allowed consistent overdraft activity and
allowed Berg to transfer monies from custodial accounts to his personal accounts and accounts of
his bus companies.  That allegation also is enough to plead Defendant's actual knowledge of
Berg's breaches of fiduciary duty.  *See Simi Mgmt. Corp. v. Bank of Am. Corp.*, C-11-5573-
DMR, 2012 WL 1997232 at *6 (N.D. Cal. June 4, 2012) ("a bank's actions, even if they do not
independently give rise to liability, may serve as indicia of actual knowledge that buttress an
aiding and abetting claim"); *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101,
1120 (C.D. Cal. 2003) (holding that use of atypical banking procedures could raise inference that
banks had actual knowledge of depositor's specific wrongdoing and supports general allegations
of actual knowledge in claims for aiding and abetting breach of fiduciary duty).

Nonetheless, mindful of the Court's prior ruling, the FAC pleads substantial additional
factual detail regarding Defendant's knowledge.  That additional detail in the FAC goes well

---

[7] Likewise, whether Berg was the original signatory on the account is not determinative of anything.  And, in fact, Defendant notably has not submitted another declaration from Ms. Jassny at the bank including additional accounts documents.

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS – 11

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51292174.3

1  beyond allegations that Defendant allowed Berg to commingle monies and engage in consistent

2  overdraft activity. Plaintiffs allege that Berg and Defendant had an email exchange regarding the

3  "custodial" accounts, and also that investors often wrote checks to, for example, "MMIF Fund

4  VII Custodial Account," both of which give rise to the plausible inference that Defendant knew

5  the accounts were custodial in nature. Plaintiffs have further pled specific facts supporting

6  Defendant's knowledge of Berg's commingling, including (i) that Berg generally did not

7  commingle funds "through self-executing transfers, but instead, Berg regularly interacted with

8  Commerce employees who helped him execute transactions which were a breach of his fiduciary

9  duty" and (ii) that Defendant "even suggested at times that when Berg's personal accounts or a

10  bus company account was overdrawn, monies from a Meridian Fund account be transferred to

11  the overdrawn account to correct the problem." [FAC, ¶¶ 1.7, 6.6] Given the factual allegations

12  that support the inference that (a) Defendant had knowledge that Berg owed the Plaintiff

13  investors a fiduciary duty as the custodian of custodial accounts at Defendant, and (b)

14  Defendant's knowledge that, among other things, Berg was commingling personal monies with

15  custodial account monies, commingling custodial account monies of one Fund with monies of

16  other Funds, and consistently engaging in overdraft activity, the FAC goes well beyond what is

17  required to adequately plead Defendant's knowledge of Berg's breaches of fiduciary duty.

18      *Lerner* is instructive. There the plaintiffs alleged that the defendant bank had actual

19  notice of breaches of fiduciary duty "by reason of the fact that Schick Attorney Fiduciary

20  Accounts were overdrawn; numerous checks written on Schick Attorney Fiduciary Accounts

21  were dishonored for insufficient funds; and Schick on numerous occasions … transferred funds

22  from the Schick Attorney Fiduciary Accounts to his personal account(s)." 459 F.3d at 295. The

23  Second Circuit held plaintiffs had adequately alleged the bank's knowledge of the breach of

24  fiduciary duty, holding that "Schick's commingling of funds was not only an indication of

25  breach of fiduciary duty - it was, in and of itself, a breach" and the bank's "actual knowledge of

26  this breach of duty may provide the basis for an aiding and abetting claim." In other words,

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS – 12

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51292174.3

Case 12-01767-TWD   Doc 66   Filed 04/24/13   Ent. 04/24/13 16:31:44   Pg. 12 of 77

similar to here, the allegations of the bank's knowledge that accounts were trust accounts, and allegations of the bank's knowledge of the trustee's commingling of personal and trust monies, amounted to adequate pleading of the bank's knowledge of the trustee's breach of fiduciary duty.

Defendant's brief attempts to distinguish *Lerner*'s actual knowledge holding by erroneously arguing it was "based on the plaintiff's allegations that the bank had signed agreements requiring it to report overdrafts in the attorney IOLTA accounts in question, yet had declined to do so." [Mot. at 10:11-13] The actual knowledge holding did <u>not</u> depend in any way on the bank's duty to report overdrafts but rather, as noted above was based in part on the fact that "commingling of funds [by the trustee] was not only an indication of breach of fiduciary duty- it was, in and of itself, a breach." *Lerner*, 459 F.3d at 294.

Defendant also erroneously relies on *Heilig Trust v. First Interstate Bank of Washington*, 93 Wash. App. 514, 969 P.2d 1082 (1998). *Helig*, as this Court recognized in its order on Defendant's first motion to dismiss, holds that "a bank has a duty to notify a beneficiary if it has both knowledge of the fiduciary relationship and knowledge of a breach of fiduciary duty." [Dk. No. 55 at 31:21-25] In *Helig*, the trustee of a living trust wrote checks to himself from a *checking account* of the trust of which he was a signatory. 93 Wash.App. at 519. On *summary judgment*, the Court held that the mere fact the trustee wrote checks to himself from "a simple checking account" from which he was "entitled to pay himself for services rendered" did not give the bank actual knowledge that the trustee was breaching his fiduciary duty. *Id.* at 518. Here, in stark contrast to *Helig*, Plaintiffs allege each Fund had a *custodial* account at Defendant, not just simple checking accounts. Also in stark contrast to *Helig*, Berg was not entitled to pay himself for services rendered out of the custodial accounts.[8] But, even if Berg was entitled to pay himself a salary out of custodial accounts and such payments could not give rise to notice as a matter of law (a false proposition), Defendant was still on notice because under no

---

[8] Given Berg's fraud and breaches of fiduciary duty, Plaintiffs maintain Berg was not entitled to pay himself for any services rendered to the Funds. Nonetheless, even assuming Berg was entitled to some payment for his services, that payment would have to come from an operating account of the particular Fund, not from the custodial accounts.

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS – 13

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51292174.3

Case 12-01767-TWD   Doc 66   Filed 04/24/13   Ent. 04/24/13 16:31:44   Pg. 13 of 77

circumstances would it be "normal" for Berg to pay expenses of his bus companies out of custodial accounts or to transfer monies between custodial accounts of different Meridian Funds. Accordingly, Defendant's reliance on *Helig* is misplaced.[9]

### 3. Plaintiffs Have Adequately Pled Proximate Causation And Damages

Plaintiffs have also adequately pled proximate causation and damages. The FAC alleges two separate theories of causation and damages. *First*, Plaintiffs allege Defendant's aiding and abetting of Berg's breaches of fiduciary duty proximately caused them losses in that monies were transferred out of the custodial accounts of which they were beneficiaries and used by Berg to pay his personal expenses and expenses of his bus companies. [FAC, ¶ 6.8] These transactions caused Plaintiffs direct economic loss equal to the amounts so transferred as they received no benefit for such transfers, and apply to any investor who still had money in that Fund as of the date of the transfer, regardless of the date of his or her original investment. [*Id.*]

*Second*, Defendant's aiding and abetting caused Plaintiffs damages because but for Defendant's conduct in knowingly assisting Berg's breaches of fiduciary duty by knowingly allowing him to commingle funds and engage in consistent overdraft activity, Berg would have been unable to carry out, or continue to carry out, his breaches of fiduciary duty, and his breaches of fiduciary duty and fraudulent scheme would have been discovered by investors as early as the start of the relationship with Defendant in 2004. [FAC, ¶ 6.8] Accordingly, none of Plaintiffs' investments (including re-investments in the form of continued renewals of promissory notes and accrual of interest payments under the Notes) would have been made and no such monies would have been lost. [*Id.*] In this regard, as the Court held in its Prior Order, "[i]t has long been the law in Washington that a bank has a duty to notify a beneficiary if it has both knowledge of the fiduciary relationship and knowledge of a breach of fiduciary duty." [Dk.

---

[9] Commerce also cites to In re Meridian Asset Mgmt., Inc., 296 B.R. 243, 264 (Bankr. N.D. Fla. 2003), not to be confused with the Meridian entities here. That case is distinguishable, as the court held "the Bank did not have knowledge of the fiduciary status of [the brokerage/investment firm] to its customers at the time the Bank handled the instruments; therefore, it follows that the Bank did not have knowledge of the breach by [the brokerage/investment firm]." *Id.* Here, Commerce is alleged to have had knowledge of Berg's fiduciary duty.

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS – 14

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51292174.3

Case 12-01767-TWD   Doc 66   Filed 04/24/13   Ent. 04/24/13 16:31:44   Pg. 14 of 77

No. 55 at 31:21-25, citing *Helig*, 93 Wash. App. 514]   Given this duty of Defendant, it is axiomatic that none of the losses sustained by investors after 2004 (post the start of the relationship with Defendant in 2004) would have occurred if Defendant had acted as required.

*Lerner* demonstrates the adequacy of this second proximate cause allegation.  In *Lerner*, where a lawyer embezzled client trust fund account monies held at Fleet Bank, the Second Circuit held as follows in its discussion of whether the bank could be held liable to clients of the lawyer (i.e., the beneficiaries of the account) for negligence:

> [W]hether or not the disciplinary authorities would have disbarred Schick in time to protect the clients' funds, Republic could have acted immediately to protect the funds as soon as it discovered Schick's misappropriation.  By ignoring evidence of Schick's misconduct and allowing him to continue to use Republic accounts, Republic allegedly allowed itself to become a conduit for Schick's activities.  Like the defendant held liable in Bischoff, "by supinely paying, under the facts here, ... the subsequent checks of [the trustee], it became privy to the misapplication.
> 459 F.3d at 290.

Defendant's opposition ignores the above allegations, erroneously claiming "[t]he only factual allegations in the First Amended Complaint concerning [proximate causation and damages] appear in Exhibit A." [Mot. at 15:19-21]  Defendant's focus on Exhibit A of the FAC appears to stem from the portion of the Court's Prior Order stating the FAC should contain "allegations as to when the Investor Plaintiffs made their investments."  [Dk. No. 55 at 31:3-4]  Defendant makes four arguments regarding Exhibit A to the FAC, none of which provide grounds for granting Defendant's Motion.  *First*, Defendant argues the FAC does not explain how investors who made their investments before 2004 (the start of the Commerce relationship) and thus whose investments were originally deposited in another bank, were harmed.  Not true.  Investors who invested before 2004 were still harmed because once their monies were in custodial accounts at Commerce, they (a) sustained harm when inappropriate transfers were made for which no benefit was received, and (b) sustained harm because Berg's wrongdoing would have been discovered earlier and continued embezzlement would not have occurred.

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS – 15

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51292174.3

Case 12-01767-TWD   Doc 66   Filed 04/24/13   Ent. 04/24/13 16:31:44   Pg. 15 of 77

1    Likewise, many pre-2004 investors made re-investments in the form of continued renewals of

2    promissory notes and accrual of interest payments under the Notes, which would not have been

3    made otherwise.  *Second*, Defendant argues the FAC does not show how investors who invested

4    before December 2006 could have been harmed, focusing on a particular transaction alleged in

5    the FAC at paragraph 5.13.1.  The argument has no merit as Defendant's wrongdoing is alleged

6    to date back to 2004, and the examples of wrongful transactions in paragraph 5.13.1 are just that,

7    examples.  *Third*, Defendant argues the FAC does not state when or whether any investor

8    redeemed his investment or received interest payments.  However, the Court's Prior Order did

9    not require this information, nor does it have to be included in a complaint to survive a motion to

10   dismiss.  That type of information can be and should be sought in discovery, not through law and

11   motion practice on the pleadings.

## C.    PLAINTIFFS HAVE STATED A CLAIM FOR AIDING AND ABETTING FRAUD

### 1.    Plaintiffs Have Adequately Pled Berg's Predicate Fraud

In its Prior Order, the Court held Plaintiffs' original complaint adequately pled Berg's

predicate fraud.  [Dk. No. 55 at 13-28]  Among other things, the Court held that the original

complaint adequately alleged that Berg solicited monies for the purpose of investing the monies

in seller-financed real estate contracts, real estate, mortgage-backed securities and hard money

loans, that Berg represented to investors the money would be invested for their benefit, and

reliance on those representations was to their detriment.  [Dk. No. 55 at 27:15-20]  The Court

furthered noted that in Berg's plea agreement, he admitted he falsely represented he was using all

investors' funds to purchase seller-financed real estate contracts, real estate, mortgage-backed

securities and to make hard money loans, and his intent to defraud.  [Dk. No. 55 at 27:22-26]

Defendant's Motion is vague regarding whether it challenges the adequacy of the

Trustee's allegations related to Berg's predicate fraud.  But, in the event Defendant does, such

challenge is without merit.  The FAC continues to allege, as before, that Berg defrauded

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS – 16

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51292174.3

investors by representing their investments "would be and were being used for the sole purchase of investing in seller-financed real estate contracts, hard money loans, real estate, and mortgage-backed securities, when in reality, Berg was using investments in the Funds to, among other things finance his own lavish lifestyle and pay expenses for his unrelated bus companies." [FAC, ¶ 1.3; see also FAC, ¶ 1.6, 5.4, 5.15, 5.16, 5.28, 5.29] The FAC also alleges that Berg made these fraudulent representations in the offering documents and otherwise. [FAC, ¶¶ 5.15, 7.3] Accordingly, like the original complaint, the FAC adequately pleads Berg's predicate fraud.

### 2. Plaintiffs Have Adequately Pled Defendant's Knowledge Of Berg's Fraud

For reasons similar to why Plaintiffs have adequately alleged Defendant's knowledge of Berg's breaches of fiduciary duty, Plaintiffs have adequately alleged Defendant's knowledge of fraudulent conduct by Berg. As alleged in the FAC, "[e]ven if Commerce did not have actual knowledge that Berg was running a Ponzi scheme, it had knowledge, at a minimum, that Berg was defrauding investors by making false representations to them in connection with their investments." [FAC, ¶ 5.15]

Namely, Defendant had knowledge that Berg was representing to investors that investment monies would be used for the sole purpose of investing in seller-financed real estate contracts, hard money loans, real estate and mortgage-backed securities, including by virtue of having seen subscription agreements or offering documents for the Funds, through communications with Meridian and through confirmation requests from Moss Adams. [FAC, ¶¶ 1.6, 7.4] Defendant further had knowledge that Berg's representations were false because Defendant knew that Berg was using Fund monies to pay personal expenses, to pay expenses of his bus companies, and commingling monies of the various Meridian Funds. [FAC, ¶ 7.4] Since Plaintiffs have pled factual allegations that Defendant knew that Berg was engaging in conduct

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS – 17

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51292174.3

Case 12-01767-TWD   Doc 66   Filed 04/24/13   Ent. 04/24/13 16:31:44   Pg. 17 of 77

directly contrary to his representations to investors, Plaintiffs' allegation that Defendant knew of fraudulent conduct by Berg is more than plausible and sufficient to survive a motion to dismiss.[10]

### 3. Plaintiffs Have Adequately Pled Defendant's Substantial Assistance Of Berg's Fraud And That It Proximately Caused Them Damages

The FAC adequately pled that Defendant substantially assisted Berg's fraud. In its Prior Order, the Court held that the test for substantial assistance is whether "(1) a defendant affirmatively assists, helps conceal, or by virtue of failing to act when required to do so enables the fraud to proceed, and (2) the actions of the aider/abettor proximately caused the harm on which the primary liability is predicated." [Dk. No. 55 at 17:1-13]

Of further importance, the Court also previously held that "ordinary banking transactions which a bank performs for its customer can support a claim for aiding and abetting if the bank has knowledge that the transactions are assisting in committing a specific tort." [Dk. No. 55 at 32:5-6, citing *In re First Alliance Mortgage*, 471 F.3d at 994-95] Here, Plaintiffs allege that with knowledge of Berg's fraud and breaches of fiduciary duty, Defendant, among other things, allowed Berg to commingle monies and engage in consistent overdraft activity. [FAC, ¶¶ 7.5, 7.7] Thus, even if such banking transactions are considered "ordinary," Plaintiffs allegations that Defendant allowed such transactions are sufficient assistance under this Court's Prior Order and under *First Alliance* to give rise to liability.

Likewise, Plaintiffs have adequately alleged proximate cause. Similar to the aiding and abetting breach of fiduciary duty claim, Plaintiffs' aiding and abetting fraud claim alleges two theories of proximate causation and damages. *First*, Plaintiffs allege that Defendant's aiding and abetting of Berg's fraud by allowing transfers out of the custodial accounts into Berg's personal account and accounts of his bus companies caused them direct economic loss equal to the amounts so transferred as they received no benefit for such transfers. [FAC, ¶ 7.8] *Second*,

---

[10] The FAC also alleges that Defendant received a fax in or about 2009 showing that Berg was forging bank statements. Plaintiffs made that allegation in good faith, and based on information and belief from information available to them. Defendant does not dispute that it received such a fax, but says it was not received until 2010. Defendant's contention may turn out to be true, but that is a matter appropriate for discovery. For example, even if the fax was not received until 2010, what was known earlier on that same topic?

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS – 18

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51292174.3

1    Defendant's aiding and abetting caused Plaintiffs damages because but for Defendant's conduct,

2    Berg's fraud would have been discovered earlier. [*Id.*]

## IV.    CONCLUSION

In sum, Plaintiffs request that Defendant's Motion be denied in its entirety. In the alternative, if the Court is inclined in any way to grant Defendant's Motion, Plaintiffs request at least thirty (30) days leave to amend to file a second amended complaint. Plaintiffs also request such other and further relief as this Court deems just and proper.

DATED this 24th day of April, 2013.

EAGAN AVENATTI, LLP


_/s/ Michael J. Avenatti_
Michael J. Avenatti (Pro Hac Vice)
Scott H. Sims (Pro Hac Vice)
Attorneys for Plaintiffs


FOSTER PEPPER PLLC


_/s/ Jane Pearson_
Jane Pearson, WSBA #12785
Attorneys for Plaintiffs

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS – 19

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51292174.3

Case 12-01767-TWD    Doc 66    Filed 04/24/13    Ent. 04/24/13 16:31:44    Pg. 19 of 77

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

11
12

| | |
|---|---|
| In Re: | Consolidated Case No. 10-17952 |
| CONSOLIDATED MERIDIAN FUNDS, a/k/a MERIDIAN INVESTORS TRUST, et al. | |
| Debtors.[1] | |
| MARK CALVERT, as Liquidating Trustee of Meridian Mortgage Investor Fund I, LLC, Meridian Mortgage Investor Fund II, LLC, Meridian Mortgage Investor Fund III, LLC, Meridian Mortgage Investor Fund V, LLC, Meridian Mortgage Investor Fund VI, LLC, Meridian Mortgage Investor Fund VII, LLC, Meridian Mortgage Investor Fund VIII, LLC, | Adversary No. 12-01767 **FIRST AMENDED COMPLAINT AND JURY DEMAND** |

13
14
15
16
17
18
19
20
21

[1] The Debtors were Meridian Mortgage Investors Fund V, LLC (Case No. 10-17952); Meridian Mortgage Investors Fund II, L.L.C. (Case No. 10-17976); Meridian Mortgage Investors Fund VII, LLC (Case No. 10-17953); Meridian Mortgage Investors Fund VIII, LLC (Case No. 10-17958); Meridian Mortgage Investors Fund VI, LLC (Case No. 10-18729); Meridian Mortgage Investors Fund IX, LLC (Case No. 10-18727); Meridian Mortgage Investors Fund X, LLC (Case No. 10-18728); Meridian Real Estate Opportunity Fund I, LLC (Case No. 10-19645); Meridian Real Estate Opportunity Fund II, LLC (Case No. 10-19644); Meridian Mortgage Investors Fund I, L.L.C. (Case No. 11-10830); Meridian Mortgage Investors Fund III, LLC (Case No. 11-10833); and MPM Investor Services Inc. (Case No. 11-10834). Together, these Debtors are referred to herein as the "Fund Debtors." Pursuant to the Plan confirmation order entered on June 22, 2011, the Cases have been substantively consolidated and Mark Calvert is the Liquidating Trustee.

22
23
24
25
26

| | |
|---|---|
| FIRST AMENDED COMPLAINT AND JURY DEMAND - 1 | FOSTER PEPPER PLLC 1111 THIRD AVENUE, SUITE 3400 SEATTLE, WASHINGTON 98101-3299 PHONE 206-447-4400 FAX (206) 447-9700 |

51242222.1
51285722.2

EXHIBIT A

Meridian Mortgage Investor Fund IX, LLC, Meridian Mortgage Investor Fund X, LLC, MPM Investor Services, Inc., Meridian Real Estate Opportunity Fund I, LLC, Meridian Real Estate Opportunity Fund II, LLC, and the Liquidating Trust of June 21, 2011; Aaron and Suzanne Kelly; Alex Cordas/Viking; Alison Kinder; Alvin Berman; Anne Prewett; Anne Sopher-Shapiro; Barbara Thompson; Betty Treiger; Bill & Linda Green Revocable Trust; Brian Lagen; Brenda Smith; Brett Nesland; Bruce P. and Karleen Kennedy Trust; Bruce S. & Carol L. Backer; The Estate of Bruce Watson; Bruce Zimmerman; Carl Pavelko; Carl Pavelko IRA; Carol Nelson; Carolyn Graves; Catherine Hansen; Charles Scott Harbert; Christine Buecker; Christine Whitney; Daniel Joseph Allen; David & Mary Jo Nelson; David Allen Hill; David Nelson; Dennis & Paula Heck; Diane Lauerman; Dianne M. Fisher; Donald F. Berry; Doug Whittle; Doyl Burkett; Dr. Brian A. & Ramona Sakamoto; Eric Jarvis; Eric Smith; Erik Morris; Fenton Love; Gary Stevens; Henry & Charlotte Kim; Henry Waggoner; J. Greg Zoltani; Jackie Gran; Jacqueline Ramsey; James A. North; James Claus; Jan Sobieralski & Louise McNerney; Janice Miller; Jay & Lisa Clem; Jaye Johnson; Jeffrey Lanctot; Jeffrey Richter & Kristin Trace; Jens Gran; Jette Jon Bunch; Jill Berman; Jo Hoffman; John & Joanne Wejak; John S. Barney; John S. Brasino; John S. & Katie M. Milne; Joseph W. McNamee; Judy Meleliat; Karl Sandborg; Kevin Daviscourt; Kristen Jarvis; Kristin Griffith; Kurt Daviscourt; Larry Berman; Lee Jr. Family Trust; Leif Youngberg; Leonard Dietrich; Loni L. Gray Living Trust; Lori Elliot; Lory Lybeck; M. Eugene Miller; Manuel Rivelo Living Trust; Marc Lagen; Margo Lagen; Marika Pineda; Mark Shapiro; Martin E. McQuaid; Mary L. Davis; Mary Moore; Mary Reilly Jensen; Matthew J. & Wendy C. Costello; Michael & Tonya Venneberg; Michael Nesland; Morris & Anita Hendrickson; Neal Baum; Nick J. & Stacie L. Beck Living Trust; Pasner Family Trust; Patricia Blumenthal; Patricia J. McNamee;

<table>
<tr><td>FIRST AMENDED COMPLAINT AND JURY DEMAND - 2</td><td>FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700</td></tr>
</table>

51242232.1
51285722.2

| | |
|---|---|
| 1 | Patricia Peterson; Patricia Robinson; Peter |
| | Boleneus; Peter Jarvis IRA; Ray Frederick; Ray |
| 2 | Hebert; Richard & Marjorie Sampson; Richard |
| 3 | Brashen; Rick Braumoeller; Rob Chandler; Robert |
| | & Mary Montgomery; Robert Montgomery IRA; |
| 4 | Robert Fairbairn; Robert Friedman; Robert Stack; |
| | Rothschild Revocable Living Trust; Ron |
| 5 | Neubauer; Ronald C. Norris and Linda S. Talley; |
| | Russ Humphrey; S. Bruce and Edith B. Tobin; |
| 6 | Sam T. & Virginia Howard; Sandra Dunn; Santos |
| 7 | & Lidia Argueta; Shane McTaggart; Sharon |
| | Warsinske; Shirley Peterson; Stanley M. Graves |
| 8 | IRA; Stanley Zimmer; Steven & Carrie Yates; |
| | Steven Sasaki; Stuart Hagen; Susan Gilleland; |
| 9 | Susan-Claire Anderson Reid; Suzanne C. Johnson; |
| 10 | Talking Dreams Stable; TATS of WA, Inc., |
| | defined Pension Plan; Theodore Owen Gates; |
| 11 | Timothy L. Sutherland Living Trust; Todd |
| | Mueller; Victoria Littleman; William John |
| 12 | Bloudek, Jr.; William G. Garrett; Adeline |
| | Shannon; Al Chandler; Alan C. Stewart/Stewart |
| 13 | Family Recov.; Alan D. Cornell; Alan F. Roberts |
| 14 | IRA; Alan G. Willett/Al Willett; Albert A. James |
| | Living Trust; Albert W. Emonds; Alberta J. |
| 15 | Fahlsing; Alden M. Garrett; Alexander Children |
| | LLC; Alice Johnson Exemption Trust; Alice |
| 16 | Wraith; Allen & Millicent Day; Anderson Family |
| | Revocable Living Trust; Andrew L. Orton IRA; |
| 17 | Andrew L. & Mary Lee Orton; Anita Hendrickson; |
| 18 | Ann Morris & James Sobieck; Annette Lave |
| | Ostergaard; Anthony & Julie Panagiotu; Anthony |
| 19 | Brian Davenport; Anthony J. Robins; Anthony |
| 20 | Tamaccio & Chi Lay Bahn; Antonietta Galotola; |
| | Arlen Prentice; Arthel Burklund; Atsuko Klein; |
| 21 | Barbara & Pat Carey; Barbara A. Smith; Barbara |
| | Burns; Beth P. Carver-Kennel; Big E |
| 22 | Construction; Bob Pappas; Bocek Family LP II; |
| | Brian P. Mulligan; Brian Pearson IRA/Viking; |
| 23 | Brian Yates; Bruce Guenzler & Mary Heidt; C. |
| 24 | Eric Gulotta; Camelia J. Dobrick; Caren L. Toney; |
| | Carl & Karen Elliott; Carl Scott East; Carlos |
| 25 | Herrera; Carole Maddock; Carolyn Gaylord; |
| | Carsten & Elizabeth Henningsen; Catherin |
| 26 | Maxwell; Celia Herrera; Chad Reed; Charles |

| | |
|---|---|
| FIRST AMENDED COMPLAINT AND JURY DEMAND - 3 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |

51242222.1
51285722.2

1 Albright; Charles E. Jenks; Charles Flynn; Charles
L. LeFevre/Viking Retirement; Charles R. Knight;
2 Chris Prentice; Chris Seeley; Christianson Living
Trust; Christina Koons; Christopher Kane
3 Rollover IRA; Clauson Family Trust; Clifford
("Cliff") & Marie Hackney; Clifford N. Harby;
4 Constance Weiss; Cornerstone Alternative Fixed
5 Income Fund LP; Craig & Darla Brand; Craig A.
Norsen IRA; Craig Bruya; Craig R. Edwards;
6 Craig Tall; CRER Capital Holdings LLC; Crista
Ministries; Crista Ministries Operating Acct;
7 Crista Ministries/ASAR Endowment; Crista
8 Ministries/CVM Endowment; Crista
Ministries/SC Endowment; Crystal Mountain
9 Founders Club; Cynthia S. Lair/Charles Schwab;
Dale & Linda Miller; Dale Knelevich; Dale L.
10 Cowles; Dan Dingfield; Dan Gatchet; Dan Rasar;
11 Dana Taylor Davenport; Daniel Kearin; Daniel
Kearin IRA; Daniel T. & Jessie G. Hayden
12 Unitrust/Crista; Darle & Patricia Blumenthal;
Darpat LLC; Darrin Erdahl; Daryl & Joyce Reoch;
13 Dave & Karen Hobson; David & Anne Gilbert;
David & Barbara Rogers; David & Sonia
14 Alexander; David & Susan Stewart Family Trust;
15 David A. Buecker; David A. Spencer; David
Alexander; David Beitel; David C.E. Williams;
16 David Charles Leisy; David Graybill/David
Graybill IRA/Charles Schwab; David Greenheck;
17 David J. Barenborg; David Lee Johnson; David M.
Bray III; David M. Hyink; David Moseley; David
18 N. Chichester; David O'Hara; David Stempel;
19 David Stewart/Sterling Trust Co; David W. &
Kortney L. Graybill; Dawn D. Tumham; Debbie
20 C. Acton; Deborah & Jennifer Brehm; Deborah A.
Weasea; Deborah Garrett; Deborah Garrett 2002
21 Trust; Deborah M. Geffrard; Debra Blumberg;
Dee Tour du Monde; Delmar & Jerry Burkett;
22 Denise C. Chandler Smith; Dennis & Wilma
Johnson; Dennis Claus; Dennis Iverson; Dennis
23 Rossman; Dennis Weston IRA; Denny Shuler;
24 Diane Katz/Viking; Diane Stielstra/Diane Stielstra
& Don Fry; Donald Esfeld; Donna Whitney IRA;
25 Donna Willett; Doris M. Katz Credit Trust;
26 Dorothy M. Rupert; Doyl & Catherine Burkett;

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 4 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
|---|---|

51242222.1
51285722.2

Drew Fletcher; Drew Thoresen; Dudley W. Johnson; E. Doris Gough Trust; Ea Lilja; Eduardo R. Garcia; Eduardo R. Garcia & Jane C. Hoerig; Edward Charles Kauffman; Edward Garth; Edward J. Alto; Edward J. O'Toole; Edward Keven Greenfield; Edward M. Hartstein; Edward R. Stanek IRA; Eldon Larson; Eleanor Karapetian; Elizabeth Dowd; Elizabeth Hampson aka Karen E. Elmer; Elizabeth Ione Newman; Elizabeth Tilbury-Marquard; Ellen J. Koutsky; Emma Sigmund Trust; Enid R. Clauson; Erik Meltzer; Estate of Margaret Thoresen; Evan Smith & Barbara Schechter; Evergreen Barbecue; F. Ross Boundy; Fairweather Lane; Floyd B. Barnes; Forrest Lee Brissey; Frances Byrne; Frank M. Mercker; Franklin B. Flowers; Fred & Marilee Slusser; Fred G. Neufeld; Fred Neufeld; Fred Wert; Frederic J. Sigmund; Frederic J. Sigmund IRA/Viking; Frederick W. Lurmann; Garrett M. Upper; Gary Galeotti IRA; Gary Galeotti Sep IRA; Gary Galeotti/Galeotti Living Trust; Gayle A. Murdock; Gene Fetters; George E. Burt IRA; George G. Toussaint; Gerald (Jerry) Hendin; Geraldine Ann King GST Trust; Gina Burrow; Glenn R. Holst; Glenn R. Holst IRA/Equity Trust; Goldie Feinberg; Gordon L. Rockhill/Gordon Rockhill IRA; Gordon Willett; Greg Whitney IRA; H. Raymond & Jina Lankford; Haley Elizabeth McCurry; Hallie S. Maxon Trust; Hanan Berman; Harold & Jacklyn Vhugen; Harold E. Olsson IRA; Harold F. Vhugen; Harris Family Trust; Heather Moynihan; Helen M. Miller; Henry Brehm IRA; Henry H. Happel III; Henry R.E. Spouse; Herrera Environmental Consult.; Hope R. Garrett; Hyun Ju Low; Irwin Gruverman; Isabelle Noiret; Jack & Linda Middlebrooks; Jack Jackson aka C. Jack Jackson; Jacklyn Vhugen; Jacqueline Pappas; James & Camelia Dobrick; James & Marianne Wilkinson; James A. Tryon; James and Lisa O'Neal; James C. Dobrick; James J. Casey; James L. & Lynne M. Addington; James L. Addington IRA; James M. Becker; James M. Marquard; James P. Newcomb; James Pechan; James R. Anderson; James R. Swanson; James

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE 206-447-4400 FAX (206) 447-9700

51242232.1
51285722.2

Sweet; Jan Diepenheim/Jan Diepenheim/Viking; Jane C. Hoerig; Janet M. Harding; Janet Stanton IRA/Charles Schwab; Janis Ban IRA; Jann A. Curley; Jarvis Gift Trust #1/Sally B. Jarvis Family Gift Trust UA DTD 11/01/94; Jarvis Gift Trust #2/Sally B. Jarvis Family Gift Trust #2; Jeanne Carlson; Jeanne Edwards; Jeanne W. Carlson; Jeanelle Shields; Jeffrey Keck; Jeffrey L. & Denise J. Beauchamp; Jene H. Deguchi; Jenner Charitable Remainder Unitrust; Jeremey & Linda Mattox; Jerry R. Ronk IRA; Jerry T. Party; Jessica Prince; Jill A. Flynn; Jim Purdy; Jo Ann Corfman; Joan L. Johnson Living Trust; Joanne E. Galloway Trust; Joanne Meyers IRA; Jody M. Albright; Joel Korotzer; John A. McLeod; John Carr; John D. Opalka; John Davids; John E. Pendergast; John F. & Marjorie A. Thatcher; John Francis Henry Trust; John H. (Jack) & Patricia A Stahl; John L. Backes/Charles Schwab; John L. Backes & Robin J. Roberts aka J. Backes & R. Roberts Revocable Trust; John Schneider; John Spicer; John T. Towey; John W. Warjone; John W. Young; John W. Young IRA/Charles Schwab; Jon F. Nordby; Jose Carrasquero; Joseph L. Davis; Joseph Waskom; Judith A. Jance; Judith Cooper Hayden aka Judith Hadyen; Judith Hughes; Judy Bledsoe Addington Credit Trust; Judy M. Schneider; Julie Carkin; June Burghardt; Karen Hobson IRA; Kari J. Guddal Record aka Kari Record; Karleen K. Kennedy; Karyn L. Kelley; Katherine D. Schmidt; Katherine Leigh McCurry; Katherine N. Heun; Kathleen Opler; Kathleen T. Snyder/Charles Schwab; Kathryn R. Sigmund IRA/Viking; Kathy & Duane Timmons; Kathy Gerke; Kay M. Edwards; Kathy Opler; Keith Schafer; Kelley Kennedy; Kelsey M. Edwards; Ken & Loretta Story; Ken B. Martin; Ken Story; Ken Story IRA; Kendal Martin; Kenneth & Katherine Heeter; Kenneth Heeter/Charles Schwab; Kenneth R. Koehler; Kevin & Alia Peterson; Kevin & Kathy Daviscourt; Kevin & Kelley Kennedy; Kevin Gabelien; Kevin Kennedy; Kimberly Susan Sinfield Family Trust; Kourtney Lorriane Graybill

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 6 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
| --- | --- |

51242222.1
51285722.2

| | |
|---|---|
| 1 | IRA/Charles Schwab; Kristin A. Jamerson; Kurt C. Edinger; Kyle Edwards; Lance Mueller; Lance |
| 2 | Mueller & Assoc.; Lance Mueller & Assoc. Profit Sharing Plan; Lance P Mueller IRA/RBC Capital |
| 3 | Markets; Larry Culver; Larry M. Jensen; Larry Stauffer; Laura L. Anderson; Laurie Towey; |
| 4 | Lawrence Michael & Michael Glenn; Lee A. Smith; Lee Kraft; Leslie Garrett 2002 Trust; Linda |
| 5 | Breiwick; Linda D. Adams; Linda G. Jeans; Linda Griffin; Linda H. Preizler; Lloyd A. Knight |
| 6 | Charitable Remainder Unitrust/Crista; Lois Gelman/Eric Fassler; Lola A. Yeend Growth Fund |
| 7 | LLC & Lola A. Yeend Bond Income LLC; Loretta Kelly; Loretta Story; Loretta Story IRA; Lorin J. |
| 8 | Anderson Trust; Lynne M. Addington IRA; Mahlon & Jeanne Nichols; Malcolm L. Edwards; |
| 9 | Malcolm L. Edwards & Elizabeth Dowd; Malmfeldt Living Trust; Marc & Trina LaRoche; |
| 10 | Marc LaRoche IRA; Margaret AH Siemion; Margaret Ann Ross; Margaret Tilbury; Margey |
| 11 | Thoresen aka M. A. Thoresen; Marilyn H. Kean; Marjorie Easley; Marjorie J. Holstege; Mark & |
| 12 | Barbara Roller; Mark & Joan Lombardi; Mark & Susan Blanchard; Mark B. Upson; Mark Cramer; |
| 13 | Mark Weisman IRA; Marlee Kleca; Marlene Winter; Martin & Susan McCurrey; Martin |
| 14 | Thomas Paul; Martyn F. Adams; Mary A. Sifferman; Mary Ann Gonzalez; Mary Ann |
| 15 | Mackay; Mary Ann Moore; Mary B. Veal; Mary Elizabeth Kelly; Melissa Klebanoff; Meyers |
| 16 | Investment LLC; Michael & Diane Quiriconi; Michael J. Sweeney & Cathleen M. Carr; Michael |
| 17 | Ken Menth; Michael Krutsinger; Michael Quiriconi IRA; Michael R. Oreskovich; Michael |
| 18 | Rasmussen; Michael Moran; Milton & Jane Barrett; Mimi Cristall/Macho Mouse; Monica H. |
| 19 | Mackin; Monte & Nancy Szendre; Morgan G. Edwards; Muriel Van Housen Charitable |
| 20 | Remainder Unitrust; Nathan Benedict & Steven Nyman; NCCF Support Inc/Bill Layton; Neal |
| 21 | Sullins; Neville & Louella Dowell FLP; Norma Barnecutt; Norma Jean Spouse; Pamela B. |
| 22 | McCabe; Patricia A. Campbell; Patricia Anne Friedland/Pat Friedland; Patricia Marie Logan; |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 7 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
|---|---|

51242222.1
51285722.2

| | |
|---|---|
| 1 | Patricia Sabin/Penny Sabin; Patrick J. Burns; |
| | Patrick Mitchell; Paul A. Nelson; Paul Fergen; |
| 2 | Paul G. Ellingson; Paul H. Soderlund IRA; Paul |
| 3 | M. McDermott; Paul Stutesman; Paul Walker; |
| | Payton Smith IRA; Peter & Sandra Jouflas; Peter |
| 4 | G. Alder; Peter Garrett; Peter Langmaid/Elizabeth |
| | Langmaid UGMA/Jessica Langmaid UGMA/Peter |
| 5 | Langmaid & Audrey Shiffman; Peter Sutherland; |
| 6 | Phil & Anita Rockefeller; Phillip & Susan Parise; |
| | Philip Stielstra; Pieter & Claire Van Wingerden; |
| 7 | Poul & Joann Hansen Living Trust; Ralph B. |
| | Walker; Ralph R. Zeck DDS MS PS; Ray Bowen; |
| 8 | Raymond Klein; RDV Racing LLC; Richard & |
| 9 | Hope Stroble; Richard & Linda Korver; Richard & |
| | Susan Warsinke; Richard A. Snyder/Charles |
| 10 | Schwab; Richard B. King Exempt Trust; Richard |
| | D. Padrick; Richard Izmer Revocable Living |
| 11 | Trust; Richard Lawrence Johnson; Richard |
| 12 | Machin; Richard Michael Creighton IRA; Richard |
| | R. Radloff; Richard Ress; Richard S. Munsen Jr |
| 13 | IRA; Richard W. Campbell; Richard W. Johnson |
| | IRA/Sterling Trust; Richard W. Johnson Living |
| 14 | Trust; Rick & Betsy Ellingson/Rick & Mary |
| 15 | Ellingson; Rita Pampanin; Robert & Catherine |
| | Ferguson; Robert & Carol Grant; Robert & Karyn |
| 16 | L. Kelley; Robert & Lyndi Taylor; Robert Bashor; |
| | Robert Bernardo; Robert C. Abbe; Robert C. |
| 17 | Wallace; Robert Dennis & Peggy Jean Turner |
| | Charitable Unitrust/Crista; Robert E. Miller; |
| 18 | Robert F. & Cynthia M. Mokos; Robert G. |
| 19 | Noftsger IRA/Viking; Robert G. Noftsger |
| | Roth/Viking; Robert J. & Katherine Heun Trust; |
| 20 | Robert J. & Nancy Hutnik; Robert J. Gerke; |
| | Robert J. Heun; Robert J. Hutnik; Robert J. |
| 21 | Stanton Trust FBO James L. Stanton; Robert |
| | Jeans; Robert L. Cooper Family LLC; Robert L. |
| 22 | Hoffman; Robert Murray Darling/R. Murray |
| 23 | Darling; Robert Noftsger; Robert O. Edwards |
| | Trust; Robert P. & Catherine A. Betz; Robert |
| 24 | Sours; Robert Staudacher; Robert Tauscher; |
| | Robert Taylor IRA; Robert Wroblewski; Robin J. |
| 25 | Knepper Living Trust; Robin Knepper GST Non |
| 26 | Exempt QTIP; Rodney B. Smith & Ellen B. |
| | McCown; Roger K. Hammers IRA & Roth; Roger |

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 8 | FOSTER PEPPER PLLC |
|---|---|
| | 1111 THIRD AVENUE, SUITE 3400 |
| | SEATTLE, WASHINGTON 98101-3299 |
| | PHONE 206-447-4400 FAX (206) 447-9700 |

51242222.1
51285722.2

| | |
|---|---|
| 1 | L. Winter; Roland & Margaret Ross; Roland J. Ross IRA; Ron Buzard; Ronand Norris/Ronand |
| 2 | Norris & Linda Talley; Ronald & Deborah Parker; |
| 3 | Ronald J. Kiracofe; Roy & Kathleen Whitman; Roy A. Slack MD; Ruhl Family Trust/K. Michael |
| 4 | Ruhl; Ryan Andrew McCurry; Sam & Virginia Howard; Samuel Selinger IRA; Sandra Alto; Sara |
| 5 | L. Schmitt; Sarah Johnson Armstrong; Scott D. Murdock; Scott Jennings; Scott Silver; Seidner |
| 6 | Investments LLC; Sharon Lynne Davidoff; Sheila |
| 7 | K. Striegl; Shelley Smith; Sherri Zom IRA; Sherrie Wilson; Shirley Iverson; Sonia Fradkin; |
| 8 | Stanek Family Trust; Stanley B. Eastberg; |
| 9 | Stephanie Erdahl; Stephen P. Walker III; Stephen Prentice; Stephen R. Jepson; Stephen W. Radons; |
| 10 | Steven & Evelyn Chestnut; Steven Ban; Steven P. Wisner; Susan A. Stewart/Sterling Trust Co; |
| 11 | Susan Ann V. Bray; Susan Melodia; Susan Stanek Winget Sep IRA; Suzanne Kotz; Suzanne Roberts |
| 12 | IRA; Tacor Properties LLC; Terry & Rita Deschenes; Terry Collier; Theodore & Nancy |
| 13 | Preg; Thomas & Cathy Friedland; Thomas B. Keefer; Thomas C. Green IRA/Charles Schwab; |
| 14 | Thomas C. Green MD IRA/Charles Schwab; |
| 15 | Thomas E. & LouAnn Rypka; Thomas F. Topel; Thomas F. Topel IRA/Charles Schwab; Thomas |
| 16 | McGreevy; Thomas O. Orvald; Thomas W. & Cheryl L. Merriman; Thomas W. Friedland; |
| 17 | Thomas W. Roberts; Timothy Higgins; TJI II LLC; Todd D. Silver; Tom Nickels; Tryg |
| 18 | Winquist; Uri Silberstein; Vicki L. Brakke; |
| 19 | Virginia Gabelein; Vivian Wheeler; Walter & Denise Smith; Warren (Terry) & Shari Hill; |
| 20 | Wilbur Schick; Wilkinson Charitable Unitrust; William & Wenche Riva; William E. Whitaker; |
| 21 | William Elmer IRA/Kibble Prentice; William F. Amman; William Fahlsing; William Gaylord; |
| 22 | William H. Martin; William Larson; William P. Wolfe; Yates Family LLC; Yates Family LP; |
| 23 | Yoko Murao; Zhanbing Wu; and, Zimmerman |
| 24 | Trust/Miriam A. Zimmerman Living Trust, |
| 25 | Plaintiffs, |
| 26 | vs. |

FIRST AMENDED COMPLAINT AND JURY
DEMAND - 9

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE 206-447-4400 FAX (206) 447-9700

51242222.1
51285722.2

| | |
|---|---|
| 1 | ZIONS BANCORPORATION, a Utah |
| 2 | corporation; THE COMMERCE BANK OF |
| 3 | WASHINGTON, N.A., a federally chartered |
| | commercial bank, |
| 4 | |
| | Defendants. |
| 5 | |

MARK CALVERT, as Liquidating Trustee of ~~Meridian Mortgage Investor~~ ~~Fund I, LLC, Meridian Mortgage Investor Fund II, LLC, Meridian Mortgage Investor Fund~~ ~~III, LLC, Meridian Mortgage Investor Fund V, LLC, Meridian Mortgage Investor Fund VI,~~ ~~LLC, Meridian Mortgage Investor Fund VII, LLC, Meridian Mortgage Investor Fund VIII,~~ ~~LLC, Meridian Mortgage Investor Fund IX, LLC, Meridian Mortgage Investor Fund X,~~ ~~LLC, MPM Investor Services, Inc., Meridian Real Estate Opportunity Fund I, LLC,~~ ~~Meridian Real Estate Opportunity Fund II, LLC, and~~ the Liquidating Trust of June 21, 2011, Aaron and Suzanne Kelly, Alex Cordas/Viking, Alison Kinder, Alvin Berman, Anne Prewett, Anne Sopher-Shapiro, Barbara Thompson, Betty Treiger, Bill & Linda Green Revocable Trust, Brian Lagen, Brenda Smith, Brett Nesland, Bruce P. and Karleen Kennedy Trust, Bruce S. & Carol L. Backer, The Estate of Bruce Watson, Bruce Zimmerman, Carl Pavelko, Carl Pavelko IRA, Carol Nelson, Carolyn Graves, Catherine Hansen, Charles Scott Harbert, Christine Buecker, Christine Whitney, Daniel Joseph Allen, David & Mary Jo Nelson, David Allen Hill, David Nelson, Dennis & Paula Heck, Diane Lauerman, Dianne M. Fisher, Donald F. Berry, Doug Whittle, Doyl Burkett, Dr. Brian A. & Ramona Sakamoto, Eric Jarvis, Eric Smith, Erik Morris, Fenton Love, Gary Stevens, Henry & Charlotte Kim, Henry Waggoner, J. Greg Zoltani, Jackie Gran, Jacqueline Ramsey, James

| | |
|---|---|
| FIRST AMENDED COMPLAINT AND JURY DEMAND - 10 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |

~~61242222.1~~
~~51285722.2~~

1  A. North, James Claus, Jan Sobieralski & Louise McNerney, Janice Miller, Jay & Lisa

2  Clem, Jaye Johnson, Jeffrey Lanctot, Jeffrey Richter & Kristin Trace, Jens Gran, Jette Jon

3  Bunch, Jill Berman, Jo Hoffman, John & Joanne Wejak, John S. Barney, John S. Brasino,

4  John S. & Katie M. Milne, Joseph W. McNamee, Judy Meleliat, Karl Sandborg, Kevin

5  Daviscourt, Kristen Jarvis, Kristin Griffith, Kurt Daviscourt, Larry Berman, Lee Jr. Family

6  Trust, Leif Youngberg, Leonard Dietrich, Loni L. Gray Living Trust, Lori Elliot, Lory

7  Lybeck, M. Eugene Miller, Manuel Rivelo Living Trust, Marc Lagen, Margo Lagen, Marika

8  Pineda, Mark Shapiro, Martin E. McQuaid, Mary L. Davis, Mary Moore, Mary Reilly

9  Jensen, Matthew J. & Wendy C. Costello, Michael & Tonya Venneberg, Michael Nesland,

10  Morris & Anita Hendrickson, Neal Baum, Nick J. & Stacie L. Beck Living Trust, Pasner

11  Family Trust, Patricia Blumenthal, Patricia J. McNamee, Patricia Peterson, Patricia

12  Robinson, Peter Boleneus, Peter Jarvis IRA, Ray Frederick, Ray Hebert, Richard & Marjorie

13  Sampson, Richard Brashen, Rick Braumoeller, Rob Chandler, Robert & Mary Montgomery,

14  Robert Montgomery IRA, Robert Fairbairn, Robert Friedman, Robert Stack, Rothschild

15  Revocable Living Trust, Ron Neubauer, Ronald C. Norris and Linda S. Talley, Russ

16  Humphrey, S. Bruce and Edith B. Tobin, Sam T. & Virginia Howard, Sandra Dunn, Santos

17  & Lidia Argueta, Shane McTaggart, Sharon Warsinske, Shirley Peterson, Stanley M. Graves

18  IRA, Stanley Zimmer, Steven & Carrie Yates, Steven Sasaki, Stuart Hagen, Susan Gilleland,

19  Susan-Claire Anderson Reid, Suzanne C. Johnson, Talking Dreams Stable, TATS of WA,

20  Inc., defined Pension Plan, Theodore Owen Gates, Timothy L. Sutherland Living Trust,

21  Todd Mueller, Victoria Littleman, William John Bloudek, Jr., William G. Garrett, Adeline

22  Shannon, Al Chandler, Alan C. Stewart/Stewart Family Recov., Alan D. Cornell, Alan F.

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 11 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
|---|---|

51242222.1
51285722.2

Roberts IRA, Alan G. Willett/Al Willett, Albert A. James Living Trust, Albert W. Emonds, Alberta J. Fahlsing, Alden M. Garrett, Alexander Children LLC, Alice Johnson Exemption Trust, Alice Wraith, Allen & Millicent Day, Anderson Family Revocable Living Trust, Andrew L. Orton IRA, Andrew L. & Mary Lee Orton, Anita Hendrickson, Ann Morris & James Sobieck, Annette Lave Ostergaard, Anthony & Julie Panagiotu, Anthony Brian Davenport, Anthony J. Robins, Anthony Tamaccio & Chi Lay Bahn, Antonietta Galotola, Arlen Prentice, Arthel Burklund, Atsuko Klein, Barbara & Pat Carey, Barbara A. Smith, Barbara Burns, Beth P. Carver-Kennel, Big E Construction, Bob Pappas, Bocek Family LP II, Brian P. Mulligan, Brian Pearson IRA/Viking, Brian Yates, Bruce Guenzler & Mary Heidt, C. Eric Gulotta, Camelia J. Dobrick, Caren L. Toney, Carl & Karen Elliott, Carl Scott East, Carlos Herrera, Carole Maddock, Carolyn Gaylord, Carsten & Elizabeth Henningsen, Catherin Maxwell, Celia Herrera, Chad Reed, Charles Albright, Charles E. Jenks, Charles Flynn, Charles L. LeFevre/Viking Retirement, Charles R. Knight, Chris Prentice, Chris Seeley, Christianson Living Trust, Christina Koons, Christopher Kane Rollover IRA, Clauson Family Trust, Clifford ("Cliff") & Marie Hackney, Clifford N. Harby, Constance Weiss, Cornerstone Alternative Fixed Income Fund LP, Craig & Darla Brand, Craig A. Norsen IRA, Craig Bruya, Craig R. Edwards, Craig Tall, CRER Capital Holdings LLC, Crista Ministries, Crista Ministries Operating Acct, Crista Ministries/ASAR Endowment, Crista Ministries/CVM Endowment, Crista Ministries/SC Endowment, Crystal Mountain Founders Club, Cynthia S. Lair/Charles Schwab, Dale & Linda Miller, Dale Knelevich, Dale L. Cowles, Dan Dingfield, Dan Gatchet, Dan Rasar, Dana Taylor Davenport, Daniel Kearin, Daniel Kearin IRA, Daniel T. & Jessie G. Hayden Unitrust/Crista, Darle & Patricia

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 12 | FOSTER PEPPER PLLC 1111 THIRD AVENUE, SUITE 3400 SEATTLE, WASHINGTON 98101-3299 PHONE 206-447-4400 FAX (206) 447-9700 |
|---|---|

51242222.1
51285722.2

Blumenthal, Darpat LLC, Darrin Erdahl, Daryl & Joyce Reoch, Dave & Karen Hobson, David & Anne Gilbert, David & Barbara Rogers, David & Sonia Alexander, David & Susan Stewart Family Trust, David A. Buecker, David A. Spencer, David Alexander, David Beitel, David C.E. Williams, David Charles Leisy, David Graybill/David Graybill IRA/Charles Schwab, David Greenheck, David J. Barenborg, David Lee Johnson, David M. Bray III, David M. Hyink, David Moseley, David N. Chichester, David O'Hara, David Stempel, David Stewart/Sterling Trust Co, David W. & Kortney L. Graybill, Dawn D. Tumham, Debbie C. Acton, Deborah & Jennifer Brehm, Deborah A. Weasea, Deborah Garrett, Deborah Garrett 2002 Trust, Deborah M. Geffrard, Debra Blumberg, Dee Tour du Monde, Delmar & Jerry Burkett, Denise C. Chandler Smith, Dennis & Wilma Johnson, Dennis Claus, Dennis Iverson, Dennis Rossman, Dennis Weston IRA, Denny Shuler, Diane Katz/Viking, Diane Stielstra/Diane Stielstra & Don Fry, Donald Esfeld, Donna Whitney IRA, Donna Willett, Doris M. Katz Credit Trust, Dorothy M. Rupert, Doyl & Catherine Burkett, Drew Fletcher, Drew Thoresen, Dudley W. Johnson, E. Doris Gough Trust, Ea Lilja, Eduardo R. Garcia, Eduardo R. Garcia & Jane C. Hoerig, Edward Charles Kauffman, Edward Garth, Edward J. Alto, Edward J. O'Toole, Edward Keven Greenfield, Edward M. Hartstein, Edward R. Stanek IRA, Eldon Larson, Eleanor Karapetian, Elizabeth Dowd, Elizabeth Hampson aka Karen E. Elmer, Elizabeth Ione Newman, Elizabeth Tilbury-Marquard, Ellen J. Koutsky, Emma Sigmund Trust, Enid R. Clauson, Erik Meltzer, Estate of Margaret Thoresen, Evan Smith & Barbara Schechter, Evergreen Barbecue, F. Ross Boundy, Fairweather Lane, Floyd B. Barnes, Forrest Lee Brissey, Frances Byrne, Frank M. Mercker, Franklin B. Flowers, Fred & Marilee Slusser, Fred G. Neufeld, Fred Neufeld,

| | |
|---|---|
| FIRST AMENDED COMPLAINT AND JURY DEMAND - 13 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |

51242222.1
51285722.2

Fred Wert, Frederic J. Sigmund, Frederic J. Sigmund IRA/Viking, Frederick W. Lurmann, Garrett M. Upper, Gary Galeotti IRA, Gary Galeotti Sep IRA, Gary Galeotti/Galeotti Living Trust, Gayle A. Murdock, Gene Fetters, George E. Burt IRA, George G. Toussaint, Gerald (Jerry) Hendin, Geraldine Ann King GST Trust, Gina Burrow, Glenn R. Holst, Glenn R. Holst IRA/Equity Trust, Goldie Feinberg, Gordon L. Rockhill/Gordon Rockhill IRA, Gordon Willett, Greg Whitney IRA, H. Raymond & Jina Lankford, Haley Elizabeth McCurry, Hallie S. Maxon Trust, Hanan Berman, Harold & Jacklyn Vhugen, Harold E. Olsson IRA, Harold F. Vhugen, Harris Family Trust, Heather Moynihan, Helen M. Miller, Henry Brehm IRA, Henry H. Happel III, Henry R.E. Spouse, Herrera Environmental Consult., Hope R. Garrett, Hyun Ju Low, Irwin Gruverman, Isabelle Noiret, Jack & Linda Middlebrooks, Jack Jackson aka C. Jack Jackson, Jacklyn Vhugen, Jacqueline Pappas, James & Camelia Dobrick, James & Marianne Wilkinson, James A. Tryon, James and Lisa O'Neal, James C. Dobrick, James J. Casey, James L. & Lynne M. Addington, James L. Addington IRA, James M. Becker, James M. Marquard, James P. Newcomb, James Pechan, James R. Anderson, James R. Swanson, James Sweet, Jan Diepenheim/Jan Diepenheim/Viking, Jane C. Hoerig, Janet M. Harding, Janet Stanton IRA/Charles Schwab, Janis Ban IRA, Jann A. Curley, Jarvis Gift Trust #1/Sally B. Jarvis Family Gift Trust UA DTD 11/01/94, Jarvis Gift Trust #2/Sally B. Jarvis Family Gift Trust #2, Jeanne Carlson, Jeanne Edwards, Jeanne W. Carlson, Jeanelle Shields, Jeffrey Keck, Jeffrey L. & Denise J. Beauchamp, Jene H. Deguchi, Jenner Charitable Remainder Unitrust, Jeremey & Linda Mattox, Jerry R. Ronk IRA, Jerry T. Party, Jessica Prince, Jill A. Flynn, Jim Purdy, Jo Ann Corfman, Joan L. Johnson Living Trust, Joanne E. Galloway Trust, Joanne Meyers IRA,

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 14 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
| --- | --- |

51242222.1
51285722.2

Jody M. Albright, Joel Korotzer, John A. McLeod, John Carr, John D. Opalka, John Davids, John E. Pendergast, John F. & Marjorie A. Thatcher, John Francis Henry Trust, John H. (Jack) & Patricia A Stahl, John L. Backes/Charles Schwab, John L. Backes & Robin J. Roberts aka J. Backes & R. Roberts Revocable Trust, John Schneider, John Spicer, John T. Towey, John W. Warjone, John W. Young, John W. Young IRA/Charles Schwab, Jon F. Nordby, Jose Carrasquero, Joseph L. Davis, Joseph Waskom, Judith A. Jance, Judith Cooper Hayden aka Judith Hadyen, Judith Hughes, Judy Bledsoe Addington Credit Trust, Judy M. Schneider, Julie Carkin, June Burghardt, Karen Hobson IRA, Kari J. Guddal Record aka Kari Record, Karleen K. Kennedy, Karyn L. Kelley, Katherine D. Schmidt, Katherine Leigh McCurry, Katherine N. Heun, Kathleen Opler, Kathleen T. Snyder/Charles Schwab, Kathryn R. Sigmund IRA/Viking, Kathy & Duane Timmons, Kathy Gerke, Kay M. Edwards, Kathy Opler, Keith Schafer, Kelley Kennedy, Kelsey M. Edwards, Ken & Loretta Story, Ken B. Martin, Ken Story, Ken Story IRA, Kendal Martin, Kenneth & Katherine Heeter, Kenneth Heeter/Charles Schwab, Kenneth R. Koehler, Kevin & Alia Peterson, Kevin & Kathy Daviscourt, Kevin & Kelley Kennedy, Kevin Gabelien, Kevin Kennedy, Kimberly Susan Sinfield Family Trust, Kourtney Lorriane Graybill IRA/Charles Schwab, Kristin A. Jamerson, Kurt C. Edinger, Kyle Edwards, Lance Mueller, Lance Mueller & Assoc., Lance Mueller & Assoc. Profit Sharing Plan, Lance P Mueller IRA/RBC Capital Markets, Larry Culver, Larry M. Jensen, Larry Stauffer, Laura L. Anderson, Laurie Towey, Lawrence Michael & Michael Glenn, Lee A. Smith, Lee Kraft, Leslie Garrett 2002 Trust, Linda Breiwick, Linda D. Adams, Linda G. Jeans, Linda Griffin, Linda H. Preizler, Lloyd A. Knight Charitable Remainder Unitrust/Crista, Lois Gelman/Eric Fassler, Lola A.

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 15 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
| --- | --- |

51242322.1
51285722.2

Yeend Growth Fund LLC & Lola A. Yeend Bond Income LLC, Loretta Kelly, Loretta Story, Loretta Story IRA, Lorin J. Anderson Trust, Lynne M. Addington IRA, Mahlon & Jeanne Nichols, Malcolm L. Edwards, Malcolm L. Edwards & Elizabeth Dowd, Malmfeldt Living Trust, Marc & Trina LaRoche, Marc LaRoche IRA, Margaret AH Siemion, Margaret Ann Ross, Margaret Tilbury, Margey Thoresen aka M. A. Thoresen, Marilyn H. Kean, Marjorie Easley, Marjorie J. Holstege, Mark & Barbara Roller, Mark & Joan Lombardi, Mark & Susan Blanchard, Mark B. Upson, Mark Cramer, Mark Weisman IRA, Marlee Kleca, Marlene Winter, Martin & Susan McCurrey, Martin Thomas Paul, Martyn F. Adams, Mary A. Sifferman, Mary Ann Gonzalez, Mary Ann Mackay, Mary Ann Moore, Mary B. Veal, Mary Elizabeth Kelly, Melissa Klebanoff, Meyers Investment LLC, Michael & Diane Quiriconi, Michael J. Sweeney & Cathleen M. Carr, Michael Ken Menth, Michael Krutsinger, Michael Quiriconi IRA, Michael R. Oreskovich, Michael Rasmussen, Michael Moran, Milton & Jane Barrett, Mimi Cristall/Macho Mouse, Monica H. Mackin, Monte & Nancy Szendre, Morgan G. Edwards, Muriel Van Housen Charitable Remainder Unitrust, Nathan Benedict & Steven Nyman, NCCF Support Inc/Bill Layton, Neal Sullins, Neville & Louella Dowell FLP, Norma Barnecutt, Norma Jean Spouse, Pamela B. McCabe, Patricia A. Campbell, Patricia Anne Friedland/Pat Friedland, Patricia Marie Logan, Patricia Sabin/Penny Sabin, Patrick J. Burns, Patrick Mitchell, Paul A. Nelson, Paul Fergen, Paul G. Ellingson, Paul H. Soderlund IRA, Paul M. McDermott, Paul Stutesman, Paul Walker, Payton Smith IRA, Peter & Sandra Jouflas, Peter G. Alder, Peter Garrett, Peter Langmaid/Elizabeth Langmaid UGMA/Jessica Langmaid UGMA/Peter Langmaid & Audrey Shiffman, Peter Sutherland,   Phil & Anita Rockefeller, Phillip & Susan Parise,

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE 206-447-4400 FAX (206) 447-9700

51242222.1
51285722.2

1  Philip Stielstra, Pieter & Claire Van Wingerden, Poul & Joann Hansen Living Trust, Ralph

2  B. Walker, Ralph R. Zeck DDS MS PS, Ray Bowen, Raymond Klein, RDV Racing LLC,

3  Richard & Hope Stroble, Richard & Linda Korver, Richard & Susan Warsinke, Richard A.

4  Snyder/Charles Schwab, Richard B. King Exempt Trust, Richard D. Padrick, Richard Izmer

5  Revocable Living Trust, Richard Lawrence Johnson, Richard Machin, Richard Michael

6  Creighton IRA, Richard R. Radloff, Richard Ress, Richard S. Munsen Jr IRA, Richard W.

7  Campbell, Richard W. Johnson IRA/Sterling Trust, Richard W. Johnson Living Trust, Rick

8  & Betsy Ellingson/Rick & Mary Ellingson, Rita Pampanin, Robert & Catherine Ferguson,

9  Robert & Carol Grant, Robert & Karyn L. Kelley, Robert & Lyndi Taylor, Robert Bashor,

10  Robert Bernardo, Robert C. Abbe, Robert C. Wallace, Robert Dennis & Peggy Jean Turner

11  Charitable Unitrust/Crista, Robert E. Miller, Robert F. & Cynthia M. Mokos, Robert G.

12  Noftsger IRA/Viking, Robert G. Noftsger Roth/Viking, Robert J. & Katherine Heun Trust,

13  Robert J. & Nancy Hutnik, Robert J. Gerke, Robert J. Heun, Robert J. Hutnik, Robert J.

14  Stanton Trust FBO James L. Stanton, Robert Jeans, Robert L. Cooper Family LLC, Robert

15  L. Hoffman, Robert Murray Darling/R. Murray Darling, Robert Noftsger, Robert O.

16  Edwards Trust, Robert P. & Catherine A. Betz, Robert Sours, Robert Staudacher, Robert

17  Tauscher, Robert Taylor IRA, Robert Wroblewski, Robin J. Knepper Living Trust, Robin

18  Knepper GST Non Exempt QTIP, Rodney B. Smith & Ellen B. McCown, Roger K.

19  Hammers IRA & Roth, Roger L. Winter, Roland & Margaret Ross, Roland J. Ross IRA,

20  Ron Buzard, Ronand Norris/Ronand Norris & Linda Talley, Ronald & Deborah Parker,

21  Ronald J. Kiracofe, Roy & Kathleen Whitman, Roy A. Slack MD, Ruhl Family Trust/K.

22  Michael Ruhl, Ryan Andrew McCurry, Sam & Virginia Howard, Samuel Selinger IRA,

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 17 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
| --- | --- |

51242222.1
51285722.2

Sandra Alto, Sara L. Schmitt, Sarah Johnson Armstrong, Scott D. Murdock, Scott Jennings, Scott Silver, Seidner Investments LLC, Sharon Lynne Davidoff, Sheila K. Striegl, Shelley Smith, Sherri Zom IRA, Sherrie Wilson, Shirley Iverson, Sonia Fradkin, Stanek Family Trust, Stanley B. Eastberg, Stephanie Erdahl, Stephen P. Walker III, Stephen Prentice, Stephen R. Jepson, Stephen W. Radons, Steven & Evelyn Chestnut, Steven Ban, Steven P. Wisner, Susan A. Stewart/Sterling Trust Co, Susan Ann V. Bray, Susan Melodia, Susan Stanek Winget Sep IRA, Suzanne Kotz, Suzanne Roberts IRA, Tacor Properties LLC, Terry & Rita Deschenes, Terry Collier, Theodore & Nancy Preg, Thomas & Cathy Friedland, Thomas B. Keefer, Thomas C. Green IRA/Charles Schwab, Thomas C. Green MD IRA/Charles Schwab, Thomas E. & LouAnn Rypka, Thomas F. Topel, Thomas F. Topel IRA/Charles Schwab, Thomas McGreevy, Thomas O. Orvald, Thomas W. & Cheryl L. Merriman, Thomas W. Friedland, Thomas W. Roberts, Timothy Higgins, TJI II LLC, Todd D. Silver, Tom Nickels, Tryg Winquist, Uri Silberstein, Vicki L. Brakke, Virginia Gabelein, Vivian Wheeler, Walter &. Denise Smith, Warren (Terry) & Shari Hill, Wilbur Schick, Wilkinson Charitable Unitrust, William & Wenche Riva, William E. Whitaker, William Elmer IRA/Kibble Prentice, William F. Amman, William Fahlsing, William Gaylord, William H. Martin, William Larson, William P. Wolfe, Yates Family LLC, Yates Family LP, Yoko Murao, Zhanbing Wu, and, Zimmerman Trust/Miriam A. Zimmerman Living Trust allege as follows:

## I.     NATURE OF THE ADVERSARY PROCEEDING

1.1     This case relates to the substantial assistance and encouragement ~~Defendants Zions Bancorporation ("Zions") and~~ Defendant The Commerce Bank of Washington, N.A.~~,~~ ("Commerce" ~~and collectively with Zions, "Defendants")~~ or "Defendant"), gave Frederick

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 18 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
|---|---|

1    Darren Berg (~~("Berg")~~ in the ~~massive Ponzi scheme he developed and implemented~~
2    ~~through~~fraud he perpetrated on investors in connection with numerous investment funds
3    sharing the "Meridian" brand name (the "Meridian Funds" or the "Funds," as further defined
4    below in paragraph 2.1).  Through the Meridian Funds, Berg defrauded his investors out of
5    $150+ million dollars, while ~~committing a multitude of breaches of fiduciary duty.  From at~~
6    ~~least 2004, Defendants were the bankers for the Meridian Funds, for Berg personally, or for~~
7    ~~other Berg entities such as his bus company.  Defendants aided and abetted Berg in carrying~~
8    ~~out the massive fraud and in breaching his fiduciary duties to investors in the Meridian~~
9    ~~Funds, including the Plaintiffs here~~also violating his fiduciary duties to the investors in the
10   Funds.  Plaintiffs here are the Trustee of the Liquidating Trust created as part of the
11   consolidated bankruptcy of the Meridian Funds, and investors in the Meridian Funds.
12       1.2      At a minimum, Berg owed a fiduciary duty to investors because Berg was the
13   custodian of custodial accounts at Commerce for each of the Funds, the beneficiaries of
14   which were investors in the Funds.  Berg breached his fiduciary duties by, among other
15   things, (a) commingling money in his personal accounts with Fund money and using Fund
16   money to pay personal expenses and finance his lavish lifestyle; (b) commingling Fund
17   money with money of Berg's bus companies and using Fund money to pay expenses for his
18   bus companies; and (c) commingling monies between the various Meridian Funds.
19       1.3      Berg further defrauded investors by, among other things, representing to
20   investors that investments[2] in the Funds would be and were being used for the sole purpose
21   of investing in seller-financed real estate contracts, hard money loans, real estate, and
22   mortgage-backed securities, when in reality, Berg was using investments in the Funds to,
23   among other things, finance his own lavish lifestyle and pay expenses for his unrelated bus
24
25   [2] The terms "investments" as used herein includes initial investments and re-investments, including
26   re-investments in the form of continued renewals of Notes and accrual of interest payments under the Notes, or
     otherwise.

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 19 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
| --- | --- |

~~51242222.1~~
51285722.2

1  companies. Indeed, on information and belief, Berg's sole source wealth was money
2  misappropriated from the Meridian Funds.

3      1.4   From at least 2004, Commerce was a banker for the Meridian Funds, for
4  Berg personally, or for other Berg entities such as his bus companies. Commerce aided and
5  abetted Berg in defrauding investors in the Funds and in breaching his fiduciary duties to
6  investors in the Funds.

7      1.5   Commerce knew that Berg owed investors a fiduciary duty as the custodian
8  of custodial accounts at the bank, and knew that Berg was breaching his fiduciary duty by,
9  among other things, (a) commingling money in his personal accounts with Fund money,
10  including Fund money in the custodial accounts; (b) using Fund money, including from the
11  custodial accounts, to pay personal expenses and finance his lavish lifestyle; (c)
12  commingling Fund money, including Fund money in the custodial accounts, with money of
13  Berg's bus companies; (d) using Fund money, including Fund money in the custodial
14  accounts, to pay expenses for his bus companies; and (e) commingling monies between the
15  various Meridian Funds, including commingling in the custodial accounts.

16      1.6   Commerce also knew that Berg represented to investors in the Funds that
17  their monies would be used for the sole purpose of investing in seller-financed real estate
18  contracts, hard money loans, real estate, and mortgage-backed securities. Commerce also
19  knew that Berg was defrauding investors. Commerce knew that Berg was defrauding
20  investors because it knew of Berg's representations to investors and also knew that Berg was
21  not using such money for that sole purpose but was instead, among other things, (a)
22  commingling money in his personal accounts with Fund money and using Fund money to
23  pay personal expenses and finance his lavish lifestyle; (b) commingling Fund money with
24  money of Berg's bus companies and using Fund money to pay expenses for his bus
25  companies; and (c) commingling monies between the various Meridian Funds.
26

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 20 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
|---|---|

51242222.1
51285722.2

1   **1.7**   ~~1.2 Defendants (a) knew that Berg's conduct was fraudulent and/or~~

2   ~~constituted a breach of his fiduciary duties; and (b)~~ <u>Commerce</u> provided substantial

3   assistance and/or encouragement to Berg in the achievement of his ~~scheme to defraud~~<u>fraud</u>

4   and/or ~~breach~~<u>in his breaches of</u> fiduciary ~~duties. Among other things, Defendants: (a)~~

5   ~~allowed Berg to~~<u>duty. Among other things, Commerce: (a) allowed Berg to freely commingle</u>

6   <u>monies between his personal accounts, Meridian Fund accounts, including custodial</u>

7   <u>accounts, and accounts of Berg's bus companies; (b) allowed Berg to transfer monies from</u>

8   <u>Meridian Fund accounts, including Meridian Fund custodial accounts, to his personal</u>

9   <u>accounts and to finance his lavish lifestyle and</u> pay personal debts, including debts related to

10  his multi-million dollar Mercer Island, Washington home~~, through wire transfers directly~~<u>.</u>

11  ~~from Meridian Fund accounts at Commerce; (b) allowed Berg to purchase luxury buses for~~

12  ~~his unrelated bus company with funds transferred directly from Meridian Fund accounts at~~

13  ~~Commerce; (c) allowed Berg to purchase luxury buses for his unrelated bus company with~~

14  ~~funds transferred indirectly;~~ <u>(c) allowed Berg to transfer monies</u> from Meridian Fund

15  accounts ~~at Commerce through multiple same day transactions sourced through Commerce~~

16  ~~accounts and accounts of various Berg related entities;~~<u>, including Meridian Fund custodial</u>

17  <u>accounts, to accounts of his bus companies and to purchase luxury buses for his bus</u>

18  <u>companies; and</u> (d) allowed Berg to ~~commingle monies between the accounts of the various~~

19  ~~Meridian Funds at Commerce; and (d)~~<u>transfer monies between accounts, including custodial</u>

20  <u>accounts, of different Meridian Funds. In many, if not most or all instances, Commerce</u>

21  <u>knowingly and specifically authorized such transfers and permitted such commingling even</u>

22  <u>though Commerce knew the accounts were custodial in nature. On information and belief,</u>

23  <u>Commerce even suggested at times that when Berg's personal accounts or a bus company</u>

24  <u>account was overdrawn, monies from a Meridian Fund account be transferred to the</u>

25  <u>overdrawn account to correct the problem. Commerce also</u> granted Berg preferential

26

| <u>FIRST AMENDED</u> COMPLAINT AND JURY DEMAND - 21 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
|---|---|

~~51242222.1~~
51285722.2

treatment in various ways, including but not limited to allowing consistent and out-of-the-ordinary overdraft activity, extending letters of credit on terms inconsistent with ~~Defendants'~~Commerce's banking policies, giving Berg letters of recommendation and/or turning a blind eye to suspicious activity within the Meridian Fund accounts.

## II.    PARTIES

2.1    Non-party Frederick Darren Berg ("Berg") is a ~~resident~~citizen of the State of Washington who at all relevant times maintained his principal office in Seattle and created and was the designated manager of a series of investment funds known as Meridian Mortgage Investor Fund I, LLC; Meridian Mortgage Investor Fund II, LLC; Meridian Mortgage Investor Fund III, LLC; Meridian Mortgage Investor Fund V, LLC; Meridian Mortgage Investor Fund VI, LLC; Meridian Mortgage Investor Fund VII, LLC; Meridian Mortgage Investor Fund VIII, LLC; Meridian Mortgage Investor Fund IX, LLC; Meridian Mortgage Investor Fund X, LLC;  Meridian Real Estate Opportunity Fund I, LLC; and Meridian Real Estate Opportunity Fund II, LLC (collectively referred to herein as "the Meridian Funds" or the "Funds"); as well as MPM Investor Services, Inc. (referred to as "MPM"), which served as agent for the Meridian Funds.  During 2010 and 2011, bankruptcy proceedings were commenced involving the Meridian Funds and MPM.  Plaintiff Mark Calvert was appointed as the Chapter 11 Trustee of MPM and the Meridian Funds in these cases, which have been substantively consolidated under 10-17952 ("Meridian Bankruptcy Proceeding").  Berg is presently incarcerated at Lompoc Federal Correctional Complex in central California.

2.2    The following individually named Plaintiffs invested in one or more of the Meridian Funds described herein: Aaron and Suzanne Kelly, Alex Cordas/Viking, Alison Kinder, Alvin Berman, Anne Prewett, Anne Sopher-Shapiro, Barbara Thompson, Betty Treiger, Bill & Linda Green Revocable Trust, Brian Lagen, Brenda Smith, Brett Nesland,

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 22 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
|---|---|

~~51342222.1~~
51285722.2

Bruce P. and Karleen Kennedy Trust, Bruce S. & Carol L. Backer, The Estate of Bruce Watson, Bruce Zimmerman, Carl Pavelko, Carl Pavelko IRA, Carol Nelson, Carolyn Graves, Catherine Hansen, Charles Scott Harbert, Christine Buecker, Christine Whitney, Daniel Joseph Allen, David & Mary Jo Nelson, David Allen Hill, David Nelson, Dennis & Paula Heck, Diane Lauerman, Dianne M. Fisher, Donald F. Berry, Doug Whittle, Doyl Burkett, Dr. Brian A. & Ramona Sakamoto, Eric Jarvis, Eric Smith, Erik Morris, Fenton Love, Gary Stevens, Henry & Charlotte Kim, Henry Waggoner, J. Greg Zoltani, Jackie Gran, Jacqueline Ramsey, James A. North, James Claus, Jan Sobieralski & Louise McNerney, Janice Miller, Jay & Lisa Clem, Jaye Johnson, Jeffrey Lanctot, Jeffrey Richter & Kristin Trace, Jens Gran, Jette Jon Bunch, Jill Berman, Jo Hoffman, John & Joanne Wejak, John S. Barney, John S. Brasino, John S. & Katie M. Milne, Joseph W. McNamee, Judy Meleliat, Karl Sandborg, Kevin Daviscourt, Kristen Jarvis, Kristin Griffith, Kurt Daviscourt, Larry Berman, Lee Jr. Family Trust, Leif Youngberg, Leonard Dietrich, Loni L. Gray Living Trust, Lori Elliot, Lory Lybeck, M. Eugene Miller, Manuel Rivelo Living Trust, Marc Lagen, Margo Lagen, Marika Pineda, Mark Shapiro, Martin E. McQuaid, Mary L. Davis, Mary Moore, Mary Reilly Jensen, Matthew J. & Wendy C. Costello, Michael & Tonya Venneberg, Michael Nesland, Morris & Anita Hendrickson, Neal Baum, Nick J. & Stacie L. Beck Living Trust, Pasner Family Trust, Patricia Blumenthal, Patricia J. McNamee, Patricia Peterson, Patricia Robinson, Peter Boleneus, Peter Jarvis IRA, Ray Frederick, Ray Hebert, Richard & Marjorie Sampson, Richard Brashen, Rick Braumoeller, Rob Chandler, Robert & Mary Montgomery, Robert Montgomery IRA, Robert Fairbairn, Robert Friedman, Robert Stack, Rothschild Revocable Living Trust, Ron Neubauer, Ronald C. Norris and Linda S. Talley, Russ Humphrey, S. Bruce and Edith B. Tobin, Sam T. & Virginia Howard, Sandra Dunn, Santos & Lidia Argueta, Shane McTaggart, Sharon Warsinske, Shirley Peterson, Stanley M. Graves IRA, Stanley Zimmer, Steven & Carrie Yates, Steven Sasaki, Stuart

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 23 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
|---|---|

51242222.1
51285722.2

Hagen, Susan Gilleland, Susan-Claire Anderson Reid, Suzanne C. Johnson, Talking Dreams Stable, TATS of WA, Inc., defined Pension Plan, Theodore Owen Gates, Timothy L. Sutherland Living Trust, Todd Mueller, Victoria Littleman, William John Bloudek, Jr., William G. Garrett, Adeline Shannon, Al Chandler, Alan C. Stewart/Stewart Family Recov., Alan D. Cornell, Alan F. Roberts IRA, Alan G. Willett/Al Willett, Albert A. James Living Trust, Albert W. Emonds, Alberta J. Fahlsing, Alden M. Garrett, Alexander Children LLC, Alice Johnson Exemption Trust, Alice Wraith, Allen & Millicent Day, Anderson Family Revocable Living Trust, Andrew L. Orton IRA, Andrew L. & Mary Lee Orton, Anita Hendrickson, Ann Morris & James Sobieck, Annette Lave Ostergaard, Anthony & Julie Panagiotu, Anthony Brian Davenport, Anthony J. Robins, Anthony Tamaccio & Chi Lay Bahn, Antonietta Galotola, Arlen Prentice, Arthel Burklund, Atsuko Klein, Barbara & Pat Carey, Barbara A. Smith, Barbara Burns, Beth P. Carver-Kennel, Big E Construction, Bob Pappas, Bocek Family LP II, Brian P. Mulligan, Brian Pearson IRA/Viking, Brian Yates, Bruce Guenzler & Mary Heidt, C. Eric Gulotta, Camelia J. Dobrick, Caren L. Toney, Carl & Karen Elliott, Carl Scott East, Carlos Herrera, Carole Maddock, Carolyn Gaylord, Carsten & Elizabeth Henningsen, Catherin Maxwell, Celia Herrera, Chad Reed, Charles Albright, Charles E. Jenks, Charles Flynn, Charles L. LeFevre/Viking Retirement, Charles R. Knight, Chris Prentice, Chris Seeley, Christianson Living Trust, Christina Koons, Christopher Kane Rollover IRA, Clauson Family Trust, Clifford ("Cliff") & Marie Hackney, Clifford N. Harby, Constance Weiss, Cornerstone Alternative Fixed Income Fund LP, Craig & Darla Brand, Craig A. Norsen IRA, Craig Bruya, Craig R. Edwards, Craig Tall, CRER Capital Holdings LLC, Crista Ministries, Crista Ministries Operating Acct, Crista Ministries/ASAR Endowment, Crista Ministries/CVM Endowment, Crista Ministries/SC Endowment, Crystal Mountain Founders Club, Cynthia S. Lair/Charles Schwab, Dale & Linda Miller, Dale Knelevich, Dale L. Cowles, Dan Dingfield, Dan Gatchet, Dan Rasar, Dana Taylor

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 24 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
|---|---|

51242222.1
51285722.2

Davenport, Daniel Kearin, Daniel Kearin IRA, Daniel T. & Jessie G. Hayden Unitrust/Crista, Darle & Patricia Blumenthal, Darpat LLC, Darrin Erdahl, Daryl & Joyce Reoch, Dave & Karen Hobson, David & Anne Gilbert, David & Barbara Rogers, David & Sonia Alexander, David & Susan Stewart Family Trust, David A. Buecker, David A. Spencer, David Alexander, David Beitel, David C.E. Williams, David Charles Leisy, David Graybill/David Graybill IRA/Charles Schwab, David Greenheck, David J. Barenborg, David Lee Johnson, David M. Bray III, David M. Hyink, David Moseley, David N. Chichester, David O'Hara, David Stempel, David Stewart/Sterling Trust Co, David W. & Kortney L. Graybill, Dawn D. Tumham, Debbie C. Acton, Deborah & Jennifer Brehm, Deborah A. Weasea, Deborah Garrett, Deborah Garrett 2002 Trust, Deborah M. Geffrard, Debra Blumberg, Dee Tour du Monde, Delmar & Jerry Burkett, Denise C. Chandler Smith, Dennis & Wilma Johnson, Dennis Claus, Dennis Iverson, Dennis Rossman, Dennis Weston IRA, Denny Shuler, Diane Katz/Viking, Diane Stielstra/Diane Stielstra & Don Fry, Donald Esfeld, Donna Whitney IRA, Donna Willett, Doris M. Katz Credit Trust, Dorothy M. Rupert, Doyl & Catherine Burkett, Drew Fletcher, Drew Thoresen, Dudley W. Johnson, E. Doris Gough Trust, Ea Lilja, Eduardo R. Garcia, Eduardo R. Garcia & Jane C. Hoerig, Edward Charles Kauffman, Edward Garth, Edward J. Alto, Edward J. O'Toole, Edward Keven Greenfield, Edward M. Hartstein, Edward R. Stanek IRA, Eldon Larson, Eleanor Karapetian, Elizabeth Dowd, Elizabeth Hampson aka Karen E. Elmer, Elizabeth Ione Newman, Elizabeth Tilbury-Marquard, Ellen J. Koutsky, Emma Sigmund Trust, Enid R. Clauson, Erik Meltzer, Estate of Margaret Thoresen, Evan Smith & Barbara Schechter, Evergreen Barbeque, F. Ross Boundy, Fairweather Lane, Floyd B. Barnes, Forrest Lee Brissey, Frances Byrne, Frank M. Mercker, Franklin B. Flowers, Fred & Marilee Slusser, Fred G. Neufeld, Fred Neufeld, Fred Wert, Frederic J. Sigmund, Frederic J. Sigmund IRA/Viking, Frederick W. Lurmann, Garrett M. Upper, Gary Galeotti IRA, Gary Galeotti

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 25 | FOSTER PEPPER PLLC 1111 THIRD AVENUE, SUITE 3400 SEATTLE, WASHINGTON 98101-3299 PHONE 206-447-4400 FAX (206) 447-9700 |
| --- | --- |

51242222.1
51285722.2

Sep IRA, Gary Galeotti/Galeotti Living Trust, Gayle A. Murdock, Gene Fetters, George E. Burt IRA, George G. Toussaint, Gerald (Jerry) Hendin, Geraldine Ann King GST Trust, Gina Burrow, Glenn R. Holst, Glenn R. Holst IRA/Equity Trust, Goldie Feinberg, Gordon L. Rockhill/Gordon Rockhill IRA, Gordon Willett, Greg Whitney IRA, H. Raymond & Jina Lankford, Haley Elizabeth McCurry, Hallie S. Maxon Trust, Hanan Berman, Harold & Jacklyn Vhugen, Harold E. Olsson IRA, Harold F. Vhugen, Harris Family Trust, Heather Moynihan, Helen M. Miller, Henry Brehm IRA, Henry H. Happel III, Henry R.E. Spouse, Herrera Environmental Consult., Hope R. Garrett, Hyun Ju Low, Irwin Gruverman, Isabelle Noiret, Jack & Linda Middlebrooks, Jack Jackson aka C. Jack Jackson, Jacklyn Vhugen, Jacqueline Pappas, James & Camelia Dobrick, James & Marianne Wilkinson, James A. Tryon, James and Lisa O'Neal, James C. Dobrick, James J. Casey, James L. & Lynne M. Addington, James L. Addington IRA, James M. Becker, James M. Marquard, James P. Newcomb, James Pechan, James R. Anderson, James R. Swanson, James Sweet, Jan Diepenheim/Jan Diepenheim/Viking, Jane C. Hoerig, Janet M. Harding, Janet Stanton IRA/Charles Schwab, Janis Ban IRA, Jann A. Curley, Jarvis Gift Trust #1/Sally B. Jarvis Family Gift Trust UA DTD 11/01/94, Jarvis Gift Trust #2/Sally B. Jarvis Family Gift Trust #2, Jeanne Carlson, Jeanne Edwards, Jeanne W. Carlson, Jeanelle Shields, Jeffrey Keck, Jeffrey L. & Denise J. Beauchamp, Jene H. Deguchi, Jenner Charitable Remainder Unitrust, Jeremey & Linda Mattox, Jerry R. Ronk IRA, Jerry T. Party, Jessica Prince, Jill A. Flynn, Jim Purdy, Jo Ann Corfman, Joan L. Johnson Living Trust, Joanne E. Galloway Trust, Joanne Meyers IRA, Jody M. Albright, Joel Korotzer, John A. McLeod, John Carr, John D. Opalka, John Davids, John E. Pendergast, John F. & Marjorie A. Thatcher, John Francis Henry Trust, John H. (Jack) & Patricia A Stahl, John L. Backes/Charles Schwab, John L. Backes & Robin J. Roberts aka J. Backes & R. Roberts Revocable Trust, John Schneider, John Spicer, John T. Towey, John W. Warjone, John W. Young, John W.

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE 206-447-4400 FAX (206) 447-9700

51242222.1
51285722.2

Young IRA/Charles Schwab, Jon F. Nordby, Jose Carrasquero, Joseph L. Davis, Joseph Waskom, Judith A. Jance, Judith Cooper Hayden aka Judith Hadyen, Judith Hughes, Judy Bledsoe Addington Credit Trust, Judy M. Schneider, Julie Carkin, June Burghardt, Karen Hobson IRA, Kari J. Guddal Record aka Kari Record, Karleen K. Kennedy, Karyn L. Kelley, Katherine D. Schmidt, Katherine Leigh McCurry, Katherine N. Heun, Kathleen Opler, Kathleen T. Snyder/Charles Schwab, Kathryn R. Sigmund IRA/Viking, Kathy & Duane Timmons, Kathy Gerke, Kay M. Edwards, Kathy Opler, Keith Schafer, Kelley Kennedy, Kelsey M. Edwards, Ken & Loretta Story, Ken B. Martin, Ken Story, Ken Story IRA, Kendal Martin, Kenneth & Katherine Heeter, Kenneth Heeter/Charles Schwab, Kenneth R. Koehler, Kevin & Alia Peterson, Kevin & Kathy Daviscourt, Kevin & Kelley Kennedy, Kevin Gabelien, Kevin Kennedy, Kimberly Susan Sinfield Family Trust, Kourtney Lorriane Graybill IRA/Charles Schwab, Kristin A. Jamerson, Kurt C. Edinger, Kyle Edwards, Lance Mueller, Lance Mueller & Assoc., Lance Mueller & Assoc. Profit Sharing Plan, Lance P Mueller IRA/RBC Capital Markets, Larry Culver, Larry M. Jensen, Larry Stauffer, Laura L. Anderson, Laurie Towey, Lawrence Michael & Michael Glenn, Lee A. Smith, Lee Kraft, Leslie Garrett 2002 Trust, Linda Breiwick, Linda D. Adams, Linda G. Jeans, Linda Griffin, Linda H. Preizler, Lloyd A. Knight Charitable Remainder Unitrust/Crista, Lois Gelman/Eric Fassler, Lola A. Yeend Growth Fund LLC & Lola A. Yeend Bond Income LLC, Loretta Kelly, Loretta Story, Loretta Story IRA, Lorin J. Anderson Trust, Lynne M. Addington IRA, Mahlon & Jeanne Nichols, Malcolm L. Edwards, Malcolm L. Edwards & Elizabeth Dowd, Malmfeldt Living Trust, Marc & Trina LaRoche, Marc LaRoche IRA, Margaret AH Siemion, Margaret Ann Ross, Margaret Tilbury, Margey Thoresen aka M. A. Thoresen, Marilyn H. Kean, Marjorie Easley, Marjorie J. Holstege, Mark & Barbara Roller, Mark & Joan Lombardi, Mark & Susan Blanchard, Mark B. Upson, Mark Cramer, Mark Weisman IRA, Marlee Kleca, Marlene Winter, Martin

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 27 | FOSTER PEPPER PLLC 1111 THIRD AVENUE, SUITE 3400 SEATTLE, WASHINGTON 98101-3299 PHONE 206-447-4400 FAX (206) 447-9700 |
| --- | --- |

51342222.1
51285722.2

& Susan McCurrey, Martin Thomas Paul, Martyn F. Adams, Mary A. Sifferman, Mary Ann Gonzalez, Mary Ann Mackay, Mary Ann Moore, Mary B. Veal, Mary Elizabeth Kelly, Melissa Klebanoff, Meyers Investment LLC, Michael & Diane Quiriconi, Michael J. Sweeney & Cathleen M. Carr, Michael Ken Menth, Michael Krutsinger, Michael Quiriconi IRA, Michael R. Oreskovich, Michael Rasmussen, Michael Moran, Milton & Jane Barrett, Mimi Cristall/Macho Mouse, Monica H. Mackin, Monte & Nancy Szendre, Morgan G. Edwards, Muriel Van Housen Charitable Remainder Unitrust, Nathan Benedict & Steven Nyman, NCCF Support Inc/Bill Layton, Neal Sullins, Neville & Louella Dowell FLP, Norma Barnecutt, Norma Jean Spouse, Pamela B. McCabe, Patricia A. Campbell, Patricia Anne Friedland/Pat Friedland, Patricia Marie Logan, Patricia Sabin/Penny Sabin, Patrick J. Burns, Patrick Mitchell, Paul A. Nelson, Paul Fergen, Paul G. Ellingson, Paul H. Soderlund IRA, Paul M. McDermott, Paul Stutesman, Paul Walker, Payton Smith IRA, Peter & Sandra Jouflas, Peter G. Alder, Peter Garrett, Peter Langmaid/Elizabeth Langmaid UGMA/Jessica Langmaid UGMA/Peter Langmaid & Audrey Shiffman, Peter Sutherland, Phil & Anita Rockefeller, Phillip & Susan Parise, Philip Stielstra, Pieter & Claire Van Wingerden, Poul & Joann Hansen Living Trust, Ralph B. Walker, Ralph R. Zeck DDS MS PS, Ray Bowen, Raymond Klein, RDV Racing LLC, Richard & Hope Stroble, Richard & Linda Korver, Richard & Susan Warsinke, Richard A. Snyder/Charles Schwab, Richard B. King Exempt Trust, Richard D. Padrick, Richard Izmer Revocable Living Trust, Richard Lawrence Johnson, Richard Machin, Richard Michael Creighton IRA, Richard R. Radloff, Richard Ress, Richard S. Munsen Jr IRA, Richard W. Campbell, Richard W. Johnson IRA/Sterling Trust, Richard W. Johnson Living Trust, Rick & Betsy Ellingson/Rick & Mary Ellingson, Rita Pampanin, Robert & Catherine Ferguson, Robert & Carol Grant, Robert & Karyn L. Kelley, Robert & Lyndi Taylor, Robert Bashor, Robert Bernardo, Robert C. Abbe, Robert C. Wallace, Robert Dennis & Peggy Jean Turner Charitable Unitrust/Crista, Robert

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 28 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
| --- | --- |

51242222.1
51285722.2

E. Miller, Robert F. & Cynthia M. Mokos, Robert G. Noftsger IRA/Viking, Robert G. Noftsger Roth/Viking, Robert J. & Katherine Heun Trust, Robert J. & Nancy Hutnik, Robert J. Gerke, Robert J. Heun, Robert J. Hutnik, Robert J. Stanton Trust FBO James L. Stanton, Robert Jeans, Robert L. Cooper Family LLC, Robert L. Hoffman, Robert Murray Darling/R. Murray Darling, Robert Noftsger, Robert O. Edwards Trust, Robert P. & Catherine A. Betz, Robert Sours, Robert Staudacher, Robert Tauscher, Robert Taylor IRA, Robert Wroblewski, Robin J. Knepper Living Trust, Robin Knepper GST Non Exempt QTIP, Rodney B. Smith & Ellen B. McCown, Roger K. Hammers IRA & Roth, Roger L. Winter, Roland & Margaret Ross, Roland J. Ross IRA, Ron Buzard, Ronand Norris/Ronand Norris & Linda Talley, Ronald & Deborah Parker, Ronald J. Kiracofe, Roy & Kathleen Whitman, Roy A. Slack MD, Ruhl Family Trust/K. Michael Ruhl, Ryan Andrew McCurry, Sam & Virginia Howard, Samuel Selinger IRA, Sandra Alto, Sara L. Schmitt, Sarah Johnson Armstrong, Scott D. Murdock, Scott Jennings, Scott Silver, Seidner Investments LLC, Sharon Lynne Davidoff, Sheila K. Striegl, Shelley Smith, Sherri Zom IRA, Sherrie Wilson, Shirley Iverson, Sonia Fradkin, Stanek Family Trust, Stanley B. Eastberg, Stephanie Erdahl, Stephen P. Walker III, Stephen Prentice, Stephen R. Jepson, Stephen W. Radons, Steven & Evelyn Chestnut, Steven Ban, Steven P. Wisner, Susan A. Stewart/Sterling Trust Co, Susan Ann V. Bray, Susan Melodia, Susan Stanek Winget Sep IRA, Suzanne Kotz, Suzanne Roberts IRA, Tacor Properties LLC, Terry & Rita Deschenes, Terry Collier, Theodore & Nancy Preg, Thomas & Cathy Friedland, Thomas B. Keefer, Thomas C. Green IRA/Charles Schwab, Thomas C. Green MD IRA/Charles Schwab, Thomas E. & LouAnn Rypka, Thomas F. Topel, Thomas F. Topel IRA/Charles Schwab, Thomas McGreevy, Thomas O. Orvald, Thomas W. & Cheryl L. Merriman, Thomas W. Friedland, Thomas W. Roberts, Timothy Higgins, TJI II LLC, Todd D. Silver, Tom Nickels, Tryg Winquist, Uri Silberstein, Vicki L. Brakke, Virginia Gabelein, Vivian Wheeler, Walter & Denise Smith, Warren (Terry) & Shari Hill,

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 29 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
|---|---|

51243232.1
51285722.2

Wilbur Schick, Wilkinson Charitable Unitrust, William & Wenche Riva, William E. Whitaker, William Elmer IRA/Kibble Prentice, William F. Amman, William Fahlsing, William Gaylord, William H. Martin, William Larson, William P. Wolfe, Yates Family LLC, Yates Family LP, Yoko Murao, Zhanbing Wu, and, Zimmerman Trust/Miriam A. Zimmerman Living Trust (collectively "Investors"). Further information regarding deposits of these individual Plaintiff investors into the Meridian Funds is included within Exhibit A hereto.

    2.3    On or about April 29, 2011, the "Chapter 11 Trustee's and Official Consolidated Investors' Committee's Joint Plan of Liquidation for Substantively Consolidated Debtors" (hereinafter "the Liquidation Plan") was proposed and submitted to this Court. The Liquidation Plan provided for the creation of a Liquidating Trust and the appointment of Plaintiff Mark Calvert as the Liquidating Trustee. The Liquidation Plan also provided that the claims of any person who made a loan to or investment in the Meridian Funds (hereinafter "the Individual Investors"), upon electing to accept the Liquidation Plan and participate in its benefits, transferred to the Liquidating Trust certain causes of action held by the Investors individually arising from various matters regarding MPM and the Meridian Funds, including but not limited to any causes of action against persons that enterentered into transactiontransactions with MPM and the Meridian Funds and persons that provided services to them, including their bankers and financial advisors (*i.e.*-defendants herein named, including Commerce).

    2.4    The Liquidating Trust further provides that, among other things, the Liquidating Trustee has the rights, powers, and privileges to act on behalf of the Liquidating Trust, including but not limited to exercising the right to file and prosecute all causes of action held by the Individual Investors arising from any matter regarding MPM and the Meridian Funds and transferred to the Liquidating Trust.

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 30 | FOSTER PEPPER PLLC 1111 THIRD AVENUE, SUITE 3400 SEATTLE, WASHINGTON 98101-3299 PHONE 206-447-4400 FAX (206) 447-9700 |
|---|---|

51242222.1
51285722.2

2.5    Investors elected to accept the Liquidation Plan, establishing the Liquidating Trust and assigning certain causes of action held by the Investors individually arising from various matters regarding the MPM and the Meridian Funds.

2.6    On or about June 21, 2011, this Court issued an "Order Confirming Chapter 11 Trustee's and Official Consolidated Investors' Committee's Joint Plan of Liquidation" ("the Confirmation Order"). The Confirmation Order confirmed and approved the Liquidation Plan in its entirety, approved of the creation of the Liquidating Trust and approved the appointment of Plaintiff Mark Calvert as the Liquidating Trustee.

2.7    Plaintiff Mark Calvert, a resident of the State of Washington, as Liquidating Trustee, and based on the Liquidation Plan, Liquidating Trust and Confirmation Order, brings the causes of action set forth herein on behalf of the Liquidating Trust insofar as the Liquidating Trust is the recipient of the causes of action assigned to it by the Investors.

2.8    The term "Plaintiffs," as used in this Complaint, shall refer collectively to the Liquidating Trustee and parties described in paragraph 2.2 above.

2.9    ~~On information and belief, Defendant Zions Bancorporation is a Utah corporation with its principal place of business in Salt Lake City, Utah. Zions Bank is publicly traded on the NASDAQ under the symbol ZIONS.~~

2.10    ~~On information and belief, Defendant The Commerce Bank of Washington, N.A., is a federally charted commercial bank headquarted in Seattle, Washington. On information and belief, Commerce is a subsidiary of Zions.~~

2.11    ~~On information and belief, Zions had a unity of interest and ownership such that there was no individuality or corporate separateness between Zions, on the one hand, and Commerce, on the other hand, and for all intents and purposes Zions dominated and controlled Commerce and failed to maintain corporate separateness. As a result, Zions was the alter ego of Commerce, and vice-versa.~~

| | |
|---|---|
| FIRST AMENDED COMPLAINT AND JURY DEMAND - 31 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |

51242222.1
51285722.2

1        2.9    ~~2.12 On information and belief,~~ On information and belief, Defendant The

Commerce Bank of Washington, N.A., is a federally charted commercial bank

headquartered in Seattle, Washington.  On information and belief, and at all material times,

~~Defendants were~~ Defendant was required to comply with the Bank Secrecy Act, 31 U.S.C. §

5311 *et seq.*, which requires financial institutions to implement programs designed to detect

and report suspicious activity that might indicate financial crimes, as well as other federal

and state banking laws and regulations.

### III.    JURISDICTION

3.1    This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334(b) over the

subject matter of this proceeding because the claims asserted herein arise in or are related to

a case pending under the Bankruptcy Code in this Court, and, based on the Liquidation Plan,

Liquidating Trust and Confirmation Order.

3.2    On information and belief, ~~Defendants are~~ Defendant is subject to the

jurisdiction of this Court by virtue of ~~their~~ its contacts with Plaintiffs within the United

States and in the State of Washington.

3.3    Regardless of whether this is a core or non-core proceeding, Plaintiffs

consent to the entry of final orders and judgment by this Court.  ~~Defendants are~~ Defendant is

notified that Rule 7008(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") requires ~~Defendants~~ Defendant to plead whether this proceeding is core or noncore

and, if non-core, whether consent is given to the entry of final orders and judgment by this

Court.

3.4    Pursuant to 28 U.S.C. § 1409(a), venue of this adversary proceeding in this

Court is proper because the Consolidated Meridian Funds' bankruptcy case is pending in

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 32 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
| --- | --- |

~~51242222.1~~
51285722.2

this district. Moreover, the Liquidation Plan and Confirmation Order establish that venue is appropriate before this Court.

## IV.   STANDING TO PURSUE CLAIMS

4.1   The Liquidating Trustee has standing to pursue the claims set forth in this Complaint on behalf of Investors to the extent any such claims can be assigned, transferred or vested in the Liquidating Trust.

4.2   Investors have standing to pursue the claims set forth in this Complaint on behalf of themselves to the extent any such claims cannot be assigned, transferred or vested in the Liquidating Trust.

## V.   FACTUAL BACKGROUND COMMON TO ALL COUNTS

5.1   On information and belief, from 2001-2010, Berg created and operated the Meridian Funds ~~purportedly for the~~. Through the Meridian Funds, Berg offered and sold promissory notes ("Notes") to investors. Berg represented to investors that investor funds would be used for the sole purpose of ~~soliciting funds from investors and~~ investing ~~those funds to purchase~~in seller -financed real estate contracts, hard money loans, real estate, and mortgage -backed securities ~~and to make hard money loans. Berg raised hundreds of millions of dollars from approximately 735 investors with over 1200 individual investments between January 2001 and August 2010. Plaintiffs were among those investors. Payments,~~ Berg further represented to investors that payments to investors in the Meridian Funds ~~were purportedly to~~would be made from the cash flows generated by borrower payments and profits generated through the sale of properties purchased by the ~~funds~~Funds. In reality, however, Berg was diverting investor money away from the Meridian Funds and using the money for his private purposes and personal enrichment, ~~and~~including financing his lavish lifestyle and his unrelated bus companies. Berg was also making payments to investors

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 33 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
|---|---|

51242222.1
51285722.2

1  from newly invested funds. ~~Like~~In other words, Berg was running a Ponzi scheme and like

2  all Ponzi schemes, Berg's eventually collapsed.

3      5.2      Berg held the following ownership interests in the Meridian Funds:

4          5.2.1   a 75% interest in Meridian Mortgage Investor Fund I, II, and III;

5          5.2.2   a 100% interest in Meridian Mortgage Investor Fund V, VI, VII, VIII,

6                  IX, and X; and

7          5.2.3   a 100% interest in Meridian Real Estate Opportunity Fund I and II.

8      5.3      Berg was the designated Manager and the only sitting board member of each

9  of the Meridian Funds. In addition, Berg was the sole owner of MPM. (MPM was formerly

10  known as PR Investor Services and was acquired by Berg in 2007 and thereafter renamed

11  MPM.) MPM acted as an agent for the Meridian Funds and was responsible for managing

12  the Meridian Funds' asset acquisitions, underwriting, closings and servicing. As Manager

13  and sole director of the Meridian Funds and the sole owner of MPM, Berg dominated and

14  controlled each entity individually and dominated and controlled all of the entities

15  collectively. Berg was personally and intimately involved in the management of and actions

16  taken by the Meridian Funds and MPM such that the actions taken by the Meridian Funds

17  and MPM were in truth the actions of Berg. On information and belief,

18  ~~Defendants~~Commerce knew all of these facts.

19  ~~5.4      Berg solicited Plaintiffs to invest in the Meridian Funds and thereafter~~

20  ~~accepted investment funds from them while representing that the funds would be invested~~

21  ~~for Plaintiffs' benefit. By making investments in the Meridian Funds, Plaintiffs placed trust~~

22  ~~and confidence in Berg, and relied on his trustworthiness, judgment and representations that~~

23  ~~he would select appropriate investment vehicles for their funds. Berg, by accepting the~~

24  ~~funds, was acting in the capacity of a representative and trustee in connection with the~~

25  ~~investment, use and disposition of those funds. Berg, by voluntarily accepting responsibility~~

26

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 34 | FOSTER PEPPER PLLC 1111 THIRD AVENUE, SUITE 3400 SEATTLE, WASHINGTON 98101-3299 PHONE 206-447-4400 FAX (206) 447-9700 |
|---|---|

51242222.1
51285722.2

1  for the Plaintiffs' funds, was further required to act honestly, in good faith, with loyalty and

2  integrity and in the best interests of the Plaintiffs. On information and belief, Defendants

3  knew all of these facts.

4      5.4    5.5 Berg solicited Plaintiffs to invest in the Meridian Funds and thereafter

5  accepted investment funds from them while representing that their investment funds would

6  be invested in seller-financed real estate contracts, hard money loans, real estate, and

7  mortgage-backed securities. By making investments in the Meridian Funds, Plaintiffs

8  placed trust and confidence in Berg, and reasonably relied on his trustworthiness, judgment

9  and representations that he would invest the money in seller-financed real estate contracts,

10  hard money loans, real estate, and mortgage-backed securities. On information and belief,

11  Berg, the Meridian Funds, MPM and other Berg -related entities were clients of

12  DefendantsCommerce.  At least one Commerce Bank employee publically referred to

13  Meridian as a "valued client."  Berg had opened and maintained accounts in the name of the

14  Meridian Funds and MPM at Commerce since at least 2004, and DefendantsCommerce had

15  pursued Berg's business dating back to 2001.  Millions of dollars belonging to investors,

16  including Plaintiffs, flowed and were deposited into accounts of the Meridian Fund accounts

17  at Commerce. On information and belief, Defendants knew the Meridian Funds were

18  investment funds, knew that funds deposited into the Meridian Funds' and MPM's accounts

19  were obtained from investors and were held in trust and for investors, knew the funds did

20  not belong to Berg personally, and knew that Berg's relationship with the investors was that

21  of a fiduciary. On information and belief, Defendants possessed this knowledge based on at

22  least (a) the contents of the deposit agreements with the Meridian Funds and MPM; (b) their

23  relationship and communications with Berg and agents of the Meridian Funds and MPM; (c)

24  the transactions involving and movement of money among Berg, the Meridian Funds and

25  MPM's accounts; (d) communications with others regarding funds on deposit in these

26

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 35 | FOSTER PEPPER PLLC 1111 THIRD AVENUE, SUITE 3400 SEATTLE, WASHINGTON 98101-3299 PHONE 206-447-4400 FAX (206) 447-9700 |
| --- | --- |

51242232.1
51285722.2

1  ~~accounts; and (e) Commerce's investment arm, Equity Trust Company, having active~~

2  ~~Subscription Agreements with the Meridian Funds for the benefit of a number of~~

3  ~~investors.~~Funds at Commerce.

4      5.5    Commerce knew the Meridian Funds were investment funds, knew that

5  investors' monies were deposited into Fund accounts at Commerce, knew the monies in

6  Fund accounts did not belong to Berg personally, and knew that Berg's relationship with the

7  investors was that of a fiduciary.

8      5.6    ~~Despite their knowledge that the monies in the Meridian Fund accounts were~~

9  ~~held in trust, and despite their knowledge that Berg owed fiduciary duties to all of the~~

10  ~~investors in the Meridian Funds, Defendants:~~ On information and belief, for each of the

11  Meridian Funds, two accounts were maintained at Commerce: (a) a custodial account, and

12  (b) an operating account.  A custodial account is an account that is established for the

13  benefit of a person or persons (the "beneficiaries"), but operated by another person (the

14  "custodian").

15      5.7    The investors, including the Plaintiffs here, were the beneficiaries of the

16  various Funds' custodial accounts, and Berg was the custodian of the custodial accounts.  By

17  virtue of his status as the custodian of the custodial accounts, Berg owed the investors a

18  fiduciary duty.  The fiduciary duty resulting from Berg's status as the custodian of the

19  custodial accounts is separate and distinct from the fiduciary duty arising by virtue of Berg

20  being an investment manager for the Funds and by the trust and confidence Plaintiffs placed

21  in Berg.  Even if Berg did not owe the investors a fiduciary duty by virtue of Berg being an

22  investment manager for the Funds and by the trust and confidence Plaintiffs placed in Berg,

23  he nonetheless still owed investors a fiduciary duty as the custodian of the custodial

24  accounts of which they were beneficiaries.

25

26

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 36 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
|---|---|

51242222.1
51285722.2

1    5.8    The fiduciary duty Berg owed as the custodian of the custodial accounts was
2 one of the highest degree of good faith, care, loyalty and integrity.  The duty included, but
3 was not limited to, (a) a duty of care to ensure that monies in a custodial account for a Fund
4 were only transferred out of the accounts for purposes related to the particular Fund and
5 investment of said monies in seller-financed real estate contracts, hard money loans, real
6 estate, and mortgage-backed securities; (b) a duty not to commingle monies in a custodial
7 account for a Fund with money in Berg's personal accounts, monies of Berg's bus
8 companies, or monies of other Funds; (c) a duty to not directly or indirectly transfer monies
9 from a custodial account to Berg's personal accounts or any account other than one
10 associated with the particular Fund; and (d) a duty not to directly or indirectly use custodial
11 monies in a Fund's custodial account to pay expenses unrelated to the particular Fund,
12 including a duty not to use custodial monies to pay Berg's personal expenses or those of his
13 bus companies.

14    5.9    Berg's intent to create custodial accounts for each Fund is evidenced by the
15 fact that, on information and belief, subscriptions agreements or other offering documents
16 for the Funds called for checks to be written to the relevant "Custodial Account"--for
17 example, "MMIF VII- Custodial Account."[3]

18    5.10    Berg's intent for the custodial accounts to be custodial in nature, and
19 Commerce's knowledge of the same, is shown by the fact that checks deposited into the
20 custodial accounts were often written to, for example "MMIF VII-Custodial Account."
21 Berg's intent, and Commerce's knowledge of, the custodial accounts, is likewise shown
22 through emails between Berg and Commerce.  For example, on June 26, 2006, Berg sent an
23 email to Tom Rook of Commerce stating, in part, "Recall we spoke yesterday about the cash
24 confirmation for Meridian Funds V and VII.  Moss Adams sent 4 confirmations to the bank
25 a couple of week ago.  1 for each operating account and one for each custodial account."  By
26

[3] MMIF VII would correspond to Meridian Mortgage Investors Fund VIII.

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 37 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
|---|---|

51242222.1
51285722.2

1  virtue of its knowledge that each Fund had a custodian account for which Berg was the

2  custodian, Commerce knew that Berg owed the investors a fiduciary duty as set forth herein.

3       5.11   In addition to the foregoing, on information and belief, Commerce also

4  possessed knowledge that investor monies were deposited into accounts at Commerce based

5  on at least (a) its relationship and communications with Berg and agents of the Meridian

6  Funds and MPM; (b) the transactions involving and movement of money among Berg, the

7  Meridian Funds and MPM's accounts; and (c) communications with others regarding

8  monies on deposit in these accounts.

9       5.12   Berg breached his fiduciary duty to investors by, among other things, (a)

10  commingling money in his personal accounts with Fund money, including Fund money in

11  the custodial accounts; (b) using Fund money, including from the custodial accounts, to pay

12  personal expenses and finance his lavish lifestyle; (c) commingling Fund money, including

13  Fund money in the custodial accounts, with money of Berg's bus companies; (d) using Fund

14  money, including Fund money in the custodial accounts, to pay expenses for his bus

15  companies; and (e) commingling monies between the various Meridian Funds, including

16  commingling in the custodial accounts.

17       5.13   ~~5.6.1 Allowed Berg to~~Commerce knew that Berg was engaging in conduct

18  that constituted a breach of fiduciary duty and substantially assisted or encouraged Berg in

19  his breaches of fiduciary duty because, among other things, it: (a) allowed Berg to freely

20  commingle monies between his personal accounts, Meridian Fund accounts, including

21  custodial accounts, and accounts of Berg's bus companies; (b) allowed Berg to transfer

22  monies from Meridian Fund accounts, including Meridian Fund custodial accounts, to his

23  personal accounts and to finance his lavish lifestyle and pay personal debts, including debts

24  related to his multi-million dollar Mercer Island ~~home, through wire transfers directly~~

25  Washington home; (c) allowed Berg to transfer monies from Meridian Fund accounts;~~,~~

26

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 38 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
| --- | --- |

~~51242222.1~~
51285722.2

including Meridian Fund custodial accounts, to accounts of his bus companies and to purchase luxury buses for his bus companies; and (d) allowed Berg to transfer monies between accounts, including custodial accounts, of different Meridian Funds. Details regarding such transactions are within Commerce's own records. However, by way of non-exclusive example, Commerce permitted the following banking transactions:

    5.6.2 ~~Allowed Berg to purchase luxury buses for his unrelated bus company with funds transferred directly from Meridian Fund accounts;~~

    5.6.3 ~~Allowed Berg to purchase luxury buses for his unrelated bus company with funds transferred indirectly from the Meridian Fund accounts through multiple same-day transactions sourced through MPM and various Berg related entities;~~

    5.6.4 ~~Allowed Berg to commingle monies between the accounts of the various Meridian Funds; and~~

    5.6.5 ~~Granted Berg preferential treatment in various ways, including but not limited to allowing consistent overdraft activity and waiving overdraft fees, extending letters of credit on terms inconsistent with bank policy, and failing to follow up on suspicious activity within the accounts.~~

  5.7 ~~By way of non-exclusive example only, Defendants, despite their knowledge of Berg's fiduciary duties and the custodial nature of the Meridian Fund accounts, permitted the following banking transactions:~~

    5.13.1 ~~5.7.1~~ On or about December 22, 2006, at Berg's direction, ~~Defendants~~Commerce transferred $1,025,000 from an account for Meridian Fund 6, number ****2898 to the account for Berg's bus

<table>
<tr><td>FIRST AMENDED COMPLAINT AND JURY DEMAND - 39</td><td>FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700</td></tr>
</table>

51242222.1
51285722.2

company, number \*\*\*\*3711, and then made a $893,514 transfer out of the account for Berg's bus company that same day.

5.13.2 ~~5.7.2~~ On or about April 23, 2007, at Berg's direction, ~~Defendants~~Commerce transferred $775,000 from Meridian Fund accounts (consisting of $400,000 from an account for Meridian Fund 5, number \*\*\*\*4380 and $375,000 from an account for Meridian Fund 7), to an MPM account, number \*\*\*\*2804. That same day, at Berg's direction, Defendants transferred the $775,000 to Berg's personal account, number \*\*\*\*9601. Then, also on that same day, at Berg's direction Defendants transferred $575,000 from Berg's personal account, number \*\*\*\*9601 to an account for Berg's bus company, number \*\*\*\*37111 and then made a $517,800 wire transfer from the account for the bus company.

5.13.3 ~~5.7.3~~ On or about May 10, 2007, at Berg's direction, ~~Defendants~~Commerce transferred $1,000,000 from MPM's Commerce account, number \*\*\*\*2804, to Berg's personal Commerce account, number \*\*\*\*9601.

5.13.4 ~~5.7.4~~ On or about May 30, 2007, Berg closed the purchase of his home on Mercer Island. ~~Defendants~~Commerce recorded the deed of trust on the home that same day. That same day, at Berg's direction, Defendants transferred $932,000 from Meridian Fund 6 account \*\*\*\*2898 to Meridian Fund 6 account \*\*\*\*2812, and then back again. Then, that same day, at Berg's direction, ~~Defendants~~Commerce transferred $932,000 from Meridian Fund 6

FIRST AMENDED COMPLAINT AND JURY DEMAND - 40

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE 206-447-4400 FAX (206) 447-9700

~~51242332.1~~
51285722.2

1  account ****2812 to Chicago Title Insurance Company, the escrow

2  officer for the sale of the home.

3    5.14   Commerce also granted Berg preferential treatment in various ways,

4  including but not limited to allowing consistent overdraft activity and waiving overdraft

5  fees, extending letters of credit on terms inconsistent with bank policy, and failing to follow

6  up on suspicious activity within the accounts.

7    5.15   Commerce also knew that Berg represented to investors that their monies

8  would be used for the sole purpose of investing in seller-financed real estate contracts, hard

9  money loans, real estate, and mortgage-backed securities.   On information and belief,

10 Commerce possessed this knowledge, at a minimum, (a) through having seen subscriptions

11 agreements or offering documents for various Funds; (b) by virtue of its communications

12 with Berg and/or individuals associated with the Meridian Funds; (c) by virtue of

13 confirmation requests it received from Moss Adams, the auditor for various Funds; and (d)

14 documents associated with each of the accounts.   By virtue its knowledge of Berg's

15 representations to investors and its knowledge, as set forth above, that Berg was (a)

16 commingling money in his personal accounts with Fund money and using Fund money to

17 pay personal expenses and finance his lavish lifestyle; (b) commingling Fund money with

18 money of Berg's bus companies and using Fund money to pay expenses for his bus

19 companies; and (c) commingling monies between the various Meridian Funds, Commerce

20 also knew that Berg was defrauding investors.   Even if Commerce did not have actual

21 knowledge that Berg was running a Ponzi scheme, it had knowledge, at a minimum, that

22 Berg was defrauding investors by making false representations to them in connection with

23 their investments, as set forth herein.

24    5.16   Commerce also substantially assisted or encouraged Berg in defrauding

25 investors because, among other things, it (a) allowed Berg to freely commingle monies

26

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 41 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
|---|---|

51242222.1
51285722.2

between his personal accounts, Meridian Fund accounts, and accounts of Berg's bus companies; (b) allowed Berg to transfer monies from Meridian Fund accounts, including Meridian Fund custodial accounts, to his personal accounts and to finance his lavish lifestyle and pay personal debts, including debts related to his multi-million dollar Mercer Island, Washington home; (c) allowed Berg to transfer monies from Meridian Fund accounts, including Meridian Fund custodial accounts, to accounts of his bus companies and to purchase luxury buses for his bus companies; and (d) allowed Berg to transfer monies between accounts, including custodial accounts, of different Meridian Funds. Details regarding such transactions are within Commerce's own records.

5.17    In addition to the foregoing knowledge of Berg's fraud and breaches of fiduciary duty, on information and belief, Commerce learned in or about 2009, that Berg was forging account statements for Meridian Real Estate Opportunity Fund II. Commerce gained such knowledge at the latest, after receiving a fax in or around that time from Thomas Opsahl of Capstone Financial, who was asking whether an account statement was authentic.

5.18    5.8 Because numerous accounts were maintained by the Meridian Funds, MPM, Berg and Berg's related entities at Commerce, and because Berg regularly engaged in transactions involving the accounts at Commerce, ~~Defendants~~Commerce assessed and earned thousands of dollars in banking fees and charges for their services. Due to the amount of money on deposit at Commerce and the profits ~~Defendants~~Commerce enjoyed as a result of the banking activity involving the accounts of Meridian Funds, MPM, Berg, and Berg's related entities, ~~Defendants~~Commerce's complicity was not without motive. ~~Defendants'~~Commerce's conduct was in violation of federal and state banking laws and regulations, as well as their own internal standards and code of business ethics and conduct.

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 42 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
| --- | --- |

51242222.1
51285722.2

1    5.19  5.9 By way of non-exclusive example, these standards are reflected in federal

2    law and require banks to review accounts and transactions for suspicious circumstances and

3    report these transactions to the Financial Crimes Enforcement Network ("FinCEN"). For

4    example, 12 CFR 208.62 requires charter banks such as Commerce to monitor and report

5    suspicious activity through the submission of a Suspicious Activity Report ("SAR") any

6    time the bank suspects that it "was used to facilitate a criminal transaction," or that a

7    transaction "involve[s] potential money laundering or violations of the Bank Secrecy Act

8    ("BSA")." Indeed, monitoring and reporting suspicious activity is a critical and routine

9    function of modern banks, and guidelines for identifying suspicious activity are numerous.

10   In fact, under BSA Section 5318(g)(3), financial institutions are even insulated from liability

11   for voluntarily disclosing this suspicious activity and, even absent suspicious activity, banks

12   are nevertheless required to complete a Currency Transaction Report ("CTR") for

13   submission to FinCEN for any transaction over $10,000.

14   5.20  5.10 Further, effective BSA compliance requires financial institutions such as

15   Defendants Commerce to implement their own programs to protect against fraud. These

16   programs – known industry-wide as the "Four Pillars" – include: (1) designating a

17   compliance officer to ensure ongoing compliance; (2) developing internal policies,

18   procedures and controls; (3) implementing ongoing and relevant training on potentially

19   fraudulent transactions and money laundering activities; and (4) independently testing and

20   reviewing the efficacy of these programs.

21   5.21  5.11 On information and belief, Defendants Commerce (a) failed to

22   adequately review the transactions and financial activity involving the Meridian Funds'

23   accounts, MPM's accounts and Berg's accounts, even though it knew of commingling,

24   improper transfers and Berg's use of Fund monies for personal purposes, as set forth herein;

25   and (b) failed to develop, implement and follow an effective due diligence program as

26

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 43 | Foster Pepper PLLC<br>1111 Third Avenue, Suite 3400<br>Seattle, Washington 98101-3299<br>Phone 206-447-4400 Fax (206) 447-9700 |
|---|---|

51242222.1
51285722.2

1    required by the BSA and as set forth in the Bank Secrecy Act/Anti-Money Laundering

2    Examination Manual promulgated by the Federal Financial Institutions Examinations

3    Council. In general, a due diligence program relates to a bank's internal controls and the

4    adequacy of those internal controls. ~~Defendants'~~Commerce's failures include, but are not

5    limited to, failure to develop and implement an effective due diligence program and policy

6    relating to the review of financial transactions and account activity; failure to train

7    employees on the due diligence program and policy; failure to ensure compliance with the

8    due diligence program and policy; and implementing recommendations from auditors for

9    improving the due diligence program and policy.

10       5.22  ~~5.12~~ The Bank Secrecy Act/Anti-Money Laundering Examination Manual

11    provides "examples of potentially suspicious activities that should raise red flags for further

12    investigation to determine whether the transactions or activities reflect illicit activities."

13    ~~Defendants~~Commerce failed to adhere to bank regulations that required an ongoing and

14    regular review of Berg's accounts for suspicious activities that included, among other things,

15    the following: (1) ~~funds~~monies that stayed in accounts for very little time; (2) ~~fund~~ transfers

16    sent or received from the same person (*i.e.*, Berg); (3) unusual transfers of ~~funds~~monies that

17    occurred among related accounts or among accounts that involve the same or related

18    principals; and (4) ~~fund~~ transfers sent in large, round dollar, hundred dollar, or thousand

19    dollar amounts.

20       5.23  ~~5.13~~ On information and belief, in addition to the foregoing, or in the

21    alternative, ~~Defendants~~Commerce disregarded and/or circumvented ~~their~~its own due

22    diligence program(s) and policy(ies) and disregarded recommendations from auditors

23    regarding improvement that could and/or should be made to the due diligence program(s)

24    and policy(ies) in order to satisfy Berg's demands.

25

26

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 44 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
| --- | --- |

51343222.1
51285722.2

5.24    5.14 On information and belief, ~~Defendants'~~Defendant's internal code and standard of conduct, ~~which~~or that of its parents corporation, is designated the Code of Business Conduct and Ethics for Employees, ~~further,~~. It mandates that ~~Defendants'~~Defendant's employees must immediately report any potentially suspicious activity. The Code of Business Conduct and Ethics for Employees states, among other things, the following: "If you are unsure about the propriety or legality of an action, get appropriate guidance;" and "we expect you to act proactively, raising concerns about ethical issues, and reporting any conduct believed to be a violation [sic] this Code, any law or regulation or any Company policy or procedure is a clear requirement of employment."

5.25    5.15 If ~~Defendants~~Defendant had adhered to these regulations and ~~their~~its own internal policies, ~~they~~it would have stopped Berg's fraud and breaches of fiduciary duties well before the Funds suffered their ultimate demise in the summer of 2010.

5.26    5.16 As otherwise herein alleged, until September 2009 at the earliest, the Investors were unaware of Berg's breaches of fiduciary duty and fraud and were further unaware of ~~Defendants'~~Defendant's role in aiding and abetting ~~that~~Berg's breach of fiduciary duties and fraud, including being unaware of any damages suffered in connection therewith. On information and belief, Berg's systematic and continuous fraud ~~existed~~and breaches of fiduciary duty continued for years, until finally – in or about June 2010 – the Funds failed to pay out the monthly interest payments as promised to its investors. The investors in the Meridian Funds thereafter forced the ~~funds~~Funds into Chapter 11 bankruptcy proceedings. All of the Funds have subsequently filed for bankruptcy and are consolidated in the Meridian Bankruptcy Proceedings. On or about July 27, 2010, Berg filed a personal bankruptcy petition in the matter of *In re: Frederick Darren Berg*, Case No. 10-18668 in this Bankruptcy Court for the Western District of Washington. In the months

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 45 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
| --- | --- |

51242222.1
51285722.2

1   that followed the initiation of the Bankruptcy Proceedings, the factual basis for the claims

2   against ~~Defendants~~Defendant, as alleged herein, were first discovered by Plaintiffs.

3         5.27   ~~5.17~~ The United States Attorney's Office for the Western District of

4   Washington subsequently arrested and charged Berg with crimes that ultimately defrauded

5   investors out of more than $100 million in the case styled *United States of America v.*

6   *Frederick Darren Berg*, Case No. CR10-0310RAJ pending in the United States District

7   Court for the Western District of Washington. Berg subsequently pled guilty to one count of

8   Wire Fraud, one count of Money Laundering, and one count of Bankruptcy Fraud. He was

9   sentenced to 18 years.

10        5.28   ~~5.18~~ The elements of the offense of Wire Fraud in violation of 18 U.S.C.

11   §1343 with respect to Berg's conduct are as follows: (1) Berg made up a scheme or plan for

12   obtaining money or property by making false promises or statements; (2) Berg knew that the

13   promises or statements were false; (3) the promises or statements were material, that is, they

14   would reasonably influence a person to part with money or property; (4) Berg acted with the

15   intent to defraud; and (5) Berg used, or caused to be used, the wires in interstate or foreign

16   commerce to carry out or attempt to carry out an essential part of the scheme. Berg admitted

17   that he is guilty of the offense of Wire Fraud.

18        5.29   ~~5.19~~ Berg, in his Plea Agreement, admitted that beginning sometime within

19   the last ten years, and continuing until in or around August 2010, he knowingly and willfully

20   devised and executed a scheme and artifice to defraud, and for obtaining money and

21   property by means of material false and fraudulent pretenses, representations, and promises,

22   including those made to Plaintiffs in connection with their investments in the Meridian

23   Funds. Berg further admitted that the object of the scheme and artifice to defraud was to

24   defraud investors (including Plaintiffs) by falsely representing that he was using all investor

25   funds to purchase seller -financed real estate contracts, real estate, and mortgage -backed

26

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 46 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
|---|---|

51242222.1
51285722.2

securities, and also to make hard money loans.  During the course of the scheme Berg stole millions of dollars in investor ~~funds~~monies, including ~~funds~~monies belonging to Plaintiffs, which he used for his own benefit as well as to pay off earlier investors in order to conceal his false statements and continue his scheme to defraud.

## VI.   FIRST CAUSE OF ACTION

(Aiding and Abetting Breach of Fiduciary Duty against ~~Defendants Zions Bancorporation,~~ Defendant The Commerce Bank of Washington, N.A.)

6.1   Plaintiffs reallege all of their statements in the foregoing paragraphs 1.1 through ~~5.19~~5.29 as if set forth fully herein.

6.2   Berg: (i) was the majority or sole owner of the Meridian Funds; (ii) an employee, officer and director of the Meridian Funds; (iii) exercised control over the management, operation and ~~investment decisions made on behalf~~investments of the Meridian Funds, and treated the Funds as his own; (iv) was entrusted by Plaintiffs with ~~funds~~monies and charged with the responsibility of investing those ~~funds~~monies for the benefit of Plaintiffs consistent with his representations and the terms of the operating documents; (v) acted in the capacity of a trustee with respect to Plaintiffs' ~~funds~~investments; and (vi) dominated and controlled MPM both before and after its acquisition and treated it as his own.  In addition, Plaintiffs reposed trust and confidence in Berg, including but not limited to, entrusting Berg with their investment money.  As such, Berg owed fiduciary duties to Plaintiffs, including, among other things, duties of loyalty, fidelity, honesty, and integrity.  ~~In addition, Plaintiffs reposed trust and confidence in Berg, including but not limited to, entrusting Berg with substantial monies to invest on their behalf.  Defendants knew Berg was a fiduciary of the investors in the Meridian Funds, including Plaintiffs.~~

6.3   ~~As alleged herein, Berg breached his fiduciary duties owed to Plaintiffs by, among other acts and omissions, engaging in a fraudulent scheme resulting in the misappropriation of over $100 million in investor funds for his own personal use, including~~

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 47 | Foster Pepper PLLC<br>1111 Third Avenue, Suite 3400<br>Seattle, Washington 98101-3299<br>Phone 206-447-4400 Fax (206) 447-9700 |
|---|---|

51242232.1
51285722.2

1    funds belonging to Plaintiffs.  Berg's conduct caused substantial financial harm and damage

2    to Plaintiffs and continues to harm and damage Plaintiffs on a daily basis.Separate and

3    distinct from fiduciary duties stemming from the allegations in paragraph 6.2, Berg owed

4    investors, including the Plaintiffs here, a fiduciary duty as a result of his status as the

5    custodian of the custodial accounts for each of the Meridian Funds.  The investors were

6    beneficiaries of those accounts.

7            6.4    Defendants, on information and belief: (iAs set forth in greater detail above,

8    Commerce (a) knew aboutof the custodial nature and purpose of the Meridian Funds and

9    that Berg exercised exclusive control over the management, operation and investment

10   decisions made on behalf of all the Funds; (ii) knew that the funds deposited in the Meridian

11   Fund accounts at Commerce came from investors (iii) knew that Berg was engaged in a

12   continuous pattern of transferring money into and out of fiduciary accounts held in the name

13   of the Meridian Funds and MPM for the benefit of investors; (iv) knew that Berg would

14   transfer funds from the Meridian Funds' accounts to MPM and then transfer them into his

15   personal accounts; (v) knew that Berg would transfer funds from the Meridian Funds'

16   accounts directly into his personal accounts; (vi) knew that monies originating from the

17   Meridian Funds were being used by Berg for his personal use; and (vii) knew that Berg's

18   conduct was tortious and constituted a breach of his fiduciary duty to Plaintiffs.  These facts

19   and circumstances, at a minimum, gave Defendants actual or constructive knowledge that

20   Berg was engaged in a fraudulent scheme and breaching his fiduciary duties toof the

21   custodial accounts, (b) knew that Berg was the custodian for each of these accounts, and (c)

22   knew that investors in the various Meridian Funds were the beneficiaries of the custodial

23   accounts.   As a result, Commerce knew Berg was a fiduciary of the investors in the

24   Meridian Funds, including Plaintiffs.

25

26

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 48 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
|---|---|

51242222.1
51285722.2

6.5 ~~Defendants substantially assisted and/or encouraged Berg in breaching the fiduciary duties he owed to Plaintiffs by, among other things: (i) executing transactions and financial activity at Berg's request and direction despite their actual or constructive knowledge of his fraud and breach of fiduciary duties; (ii) failing to adequately review the transactions and financial activity in connection with funds on deposit in the Meridian Funds and MPM accounts; (iii) failing to timely and effectively develop, implement, maintain and/or audit a due diligence program, including the training of employees, contractors and agents, designed to detect and report suspicious activity that might be indicative of financial crimes, including wire fraud; (iv) failing to develop internal policies, procedures, standards and guidelines regarding reporting suspicious activity and/or improper conduct, including by failing to properly train employees, contractors and agents, in connection with the detection and reporting of suspicious activity and improper conduct that might be indicative of financial crimes, including fraud; (v) failing to timely disclose to Plaintiffs that Berg was using funds belonging to the Meridian Funds for his personal use and private purposes; (vi) opening accounts for Berg and allowing him to deposit monies held in trust for Plaintiffs into his own personal accounts; (vii) permitting Berg to commingle monies held in trust for Plaintiffs with funds in Berg's personal account; (viii) transferring and/or allowing Berg to regularly transfer large sums of monies held in trust for Plaintiffs indirectly and directly into Berg's personal account and accounts of his related entities; and (ix) transferring and/or allowing Berg to regularly misappropriate large sums held in trust for Plaintiffs for Berg's personal use and for the benefit of Berg's related entities.~~ As alleged herein, Berg breached his fiduciary duties owed to Plaintiffs. That is, Berg disregarded and breached his duties to Plaintiffs as the custodian of the custodial accounts of which Plaintiffs were beneficiaries by failing to exercise due care and to ensure that monies in the custodial accounts were only used for purposes related to the particular fund and investment of said monies in

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 49 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
| --- | --- |

51242222.1
51285722.2

Case 12-01767-TWD   Doc 66   Filed 04/24/13   Ent. 04/24/13 16:31:44   Pg. 69 of 77

seller-financed real estate contracts, hard money loans, real estate, and mortgage-backed securities. For example, Berg knowingly and intentionally, (a) commingled money in his personal account with Fund money, including money in the custodial accounts; (b) directly and indirectly used Fund money, including from the custodial accounts, to pay personal expenses and finance his lavish lifestyle; (c) commingled Fund money, including money in the custodial accounts, with money of Berg's bus companies; (d) directly and indirectly used Fund money, including from the custodial accounts, to pay expenses for his bus companies; and (e) commingled monies between the various Meridian Funds, including the custodial accounts.

      6.6      Commerce knew that Berg was engaging in conduct that constituted a breach of fiduciary duty and substantially assisted or encouraged Berg in his breaches of fiduciary duty because it allowed Berg to use Fund monies, including monies in the custodial accounts, for purposes unrelated to the particular fund and unrelated to investment of said monies in seller-financed real estate contracts, hard money loans, real estate, and mortgage-backed securities. Among other things, Commerce: (a) allowed Berg to freely commingle monies between his personal accounts, Meridian Fund accounts (including the custodial accounts), and accounts of Berg's bus companies; (b) allowed Berg to transfer monies from Meridian Fund accounts, including Meridian Fund custodial accounts, to his personal account and to finance his lavish lifestyle and pay personal debts, including debts related to his multi-million dollar Mercer Island, Washington home; (c) allowed Berg to transfer monies from Meridian Fund accounts, including Meridian Fund custodial accounts, to accounts of his bus companies and to purchase luxury buses for his bus companies; and (d) allowed Berg to transfer monies between accounts, including custodial accounts, of different Meridian Funds. Berg did not generally accomplish the foregoing through self-executing transfers, but instead, Berg regularly interacted with Commerce employees

FIRST AMENDED COMPLAINT AND JURY DEMAND - 50

Foster Pepper PLLC
1111 Third Avenue, Suite 3400
Seattle, Washington 98101-3299
Phone 206-447-4400 Fax (206) 447-9700

51242222.1
51285722.2

1  who helped him execute transactions which were a breach of his fiduciary duty, thereby

2  further demonstrating Commerce's knowledge and substantial assistance or encouragement.

3        6.7    On information and belief, Commerce knew of the foregoing no later than

4  2004, when Berg began using Commerce accounts to accomplishing commingling and

5  misappropriation of Fund monies.

6        6.8    ~~6.6 As a proximate result of the~~The substantial assistance and/or

7  encouragement Commerce provided ~~by Defendants,~~to Berg in breaching his fiduciary duties

8  caused Plaintiffs ~~sustained~~ damage, financial harm and losses in an amount in excess of One

9  Hundred Million Dollars, with an exact amount to be proven at trial. By way of example

10  only, as a direct and proximate result of the substantial assistance and/or encouragement

11  Commerce provided to Berg, Fund monies, including monies in the custodial accounts, were

12  transferred out of Fund accounts, including the custodial accounts, for purposes unrelated to

13  the particular Fund and unrelated to investment of said monies in seller-financed real estate

14  contracts, hard money loans, real estate, and mortgage-backed securities, including direct

15  and indirect transfers from the custodial accounts to pay Berg's personal expenses and to

16  pay expenses of Berg's bus companies. Plaintiffs received no benefit for such transfers and

17  monies so transferred resulted in direct economic loss to Plaintiffs, who were investors (and

18  thus beneficiaries of the custodial accounts) at the time of the transfers. Further, but for the

19  substantial assistance and/or encouragement Commerce provided to Berg in breaching his

20  fiduciary duties, Berg would have been unable to carry out, or continue to carry out, his

21  fraudulent scheme, and thus, but for Commerce's wrongful conduct, the fraudulent scheme

22  would have been discovered as early as the start of the relationship with Commerce in 2004.

23  Thus, none of the investments (including re-investments in the form of continued renewals

24  of Notes and accrual of interest payments under the Notes, or otherwise) made by Plaintiffs

25  after such time would have been made and such monies would not have been lost.

26

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 51 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
| --- | --- |

51242222.1<br>51285722.2

## VII. SECOND CAUSE OF ACTION

(Aiding and Abetting Fraud against ~~Defendants Zions Bancorporation,~~ Defendant
The Commerce Bank of Washington, N.A.)

7.1     Plaintiffs reallege all of their statements in the foregoing paragraphs 1.1
through ~~5.19~~5.29 as if set forth fully herein.

7.2     Berg: (i) was the majority or sole owner of the Meridian Funds; (ii) an
employee, officer and director of the Meridian Funds; (iii) exercised control over the
management, operation and investment ~~decisions made on behalf of the Meridian Funds;~~
~~(iv) was entrusted by Plaintiffs with funds and charged with the responsibility of investing~~
~~those funds for the benefit of Plaintiffs; (v) acted in the capacity of a trustee with respect to~~
~~Plaintiffs' funds; and (vi~~ of the Meridian Funds, and treated the Funds as his own; and (iv)
dominated and controlled MPM both before and after its acquisition and treated it as his
own.

7.3     ~~As alleged herein,~~ Berg engaged in a fraudulent scheme resulting in the
misappropriation of over $100 million in investor ~~funds for his own personal use,~~monies
including ~~funds belonging to Plaintiffs.  Berg's conduct caused substantial financial harm~~
~~and damage to Plaintiffs and continues to harm and damage Plaintiffs on a daily basis~~monies
belonging to Plaintiffs, for his own personal use and for use by his unrelated bus companies.
As alleged herein, Berg represented to investors, including via offering documents at the
time of the investments and otherwise, that their monies would be used for the sole purpose
of investing in seller-financed real estate contracts, hard money loans, real estate, and
mortgage-backed securities.   Said representations by Berg were representations of an
existing fact, were material, were false, and were known by Berg to be false.  Plaintiffs were
ignorant of the falsity of the representations and reasonably relied on by Plaintiffs to their
detriment.

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 52 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
|---|---|

51242222.1
51285722.2

7.4    As alleged herein, Commerce had knowledge that Berg represented to investors that their monies would be used for the sole purpose of investing in seller-financed real estate contracts, hard money loans, real estate, and mortgage-backed securities. On information and belief, Commerce possessed this knowledge, at a minimum, (a) through having seen subscriptions agreements or offering documents for various Funds; (b) by virtue of its communications with Berg and/or individuals associated with the Meridian Funds; (c) by virtue of confirmation requests it received from Moss Adams, the auditor for various Funds; and (d) through documents associated with each of the accounts. By virtue of its knowledge of Berg's representations to investors and its knowledge that Berg was (a) commingling money in his personal accounts with Fund money and using Fund money to pay personal expenses and finance his lavish lifestyle; (b) commingling Fund money with money of Berg's bus companies and using Fund money to pay expenses for his bus companies; and (c) commingling monies between the various Meridian Funds, Commerce also knew that Berg was defrauding investors. On information and belief, Commerce knew of the foregoing no later than 2004, when Berg began using Commerce accounts to accomplishing commingling and misappropriation of Fund money. Even if Commerce did not have knowledge that Berg was operating a Ponzi scheme, it had knowledge, at a minimum, of Berg defrauding investors in the foregoing manner.

7.5    Commerce also substantially assisted or encouraged Berg in defrauding investors because, among other things, it (a) allowed Berg to freely commingle monies between his personal accounts, Meridian Fund accounts, and accounts of Berg's bus companies; (b) allowed Berg to transfer monies from Meridian Fund accounts, including Meridian Fund custodial accounts, to his personal accounts and to finance his lavish lifestyle and pay personal debts, including debts related to his multi-million dollar Mercer Island, Washington home; (c) allowed Berg to transfer monies from Meridian Fund accounts,

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 53 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
|---|---|

51242222.1
51285722.2

including Meridian Fund custodial accounts, to accounts of his bus companies and to purchase luxury buses for his bus companies; and (d) allowed Berg to transfer monies between accounts, including custodial accounts, of different Meridian Funds.   Details regarding such transactions are within Commerce's own records.

7.6    7.4 DefendantsFurther , on information and belief: Commerce (i) knew about the nature and purpose of the Meridian Funds and that Berg exercised exclusive control over the management, operation and investment decisions made on behalf of all the Funds; (ii) knew that the fundsmonies deposited in the Meridian Fund accounts at Commerce came from investors (iii) knew that Berg was engaged in a continuous pattern of transferring money into and out of fiduciary accounts held in the name of the Meridian Funds and MPM for the benefit of investors; (iv) knew that Berg would transfer fundsmonies from the Meridian Funds' accounts to MPM and then transfer them into his personal accounts; (v) knew that Berg would transfer fundsmonies from the Meridian Funds' accounts directly into his personal accounts; (vi) knew that monies originating from the Meridian Funds were being used by Berg for his personal use; and (vii) knew that Berg's conduct was tortious and constituted a breach of his fiduciary duty to Plaintiffs.  These facts and circumstances, at a minimum, gave DefendantsCommerce actual or constructive knowledge that Berg was engaged in a fraudulent scheme and breaching his fiduciary duties to investors in the Meridian Funds, including Plaintiffsperpetrating a Ponzi scheme.

7.7    7.5 DefendantsCommerce also substantially assisted and/or encouraged Berg in committing fraud, by, among other things: (i) executing transactions and financial activity at Berg's request and direction despite theirits actual or constructive knowledge of his fraud and breach of fiduciary dutiesPonzi scheme; (ii) failing to adequately review the transactions and financial activity in connection with fundsmonies on deposit in the Meridian Funds and MPM accounts, even though it knew of commingling and use of Fund monies for Berg's

<table>
<tr><td>FIRST AMENDED COMPLAINT AND JURY DEMAND - 54</td><td>FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700</td></tr>
</table>

51242232.1
51285722.2

personal purposes; (iii) failing to timely and effectively develop, implement, maintain and/or audit a due diligence program, including the training of employees, contractors and agents, designed to detect and report suspicious activity that might be indicative of financial crimes, including wire fraud; (iv) failing to develop internal policies, procedures, standards and guidelines regarding reporting suspicious activity and/or improper conduct, including by failing to properly train employees, contractors and agents, in connection with the detection and reporting of suspicious activity and improper conduct that might be indicative of financial crimes, including fraud; and (v) failing to timely disclose to Plaintiffs that Berg was using ~~funds belongs~~monies belonging to the Meridian Funds for his personal use and private purposes~~; (vi) opening accounts for Berg and allowing him to deposit monies held in trust for Plaintiffs into his own personal accounts; (vii) permitting Berg to commingle monies held in trust for Plaintiffs with funds in Berg's personal account; (viii) transferring and/or allowing Berg to regularly transfer large sums of monies held in trust for Plaintiffs indirectly and directly into Berg's personal account and accounts of his related entities; and (ix) transferring and/or allowing Berg to regularly misappropriate large sums monies held in trust for Plaintiffs for Berg's personal use and for the benefit of Berg's related entities.~~.

_7.8_    ~~7.6 As a proximate result of the~~The substantial assistance and/or encouragement Commerce provided ~~by Defendants,~~to Berg in accomplishing his fraud caused Plaintiffs ~~sustained~~ damage, financial harm and losses in an amount in excess of One Hundred Million Dollars, with an exact amount to be proven at trial. By way of example only, as a direct and proximate result of the substantial assistance and/or encouragement Commerce provided to Berg. Fund monies, including monies in the custodial accounts, were transferred out of Fund accounts, including the custodial accounts, for purposes unrelated to the particular fund and unrelated to investment of said monies in seller-financed real estate contracts, hard money loans, real estate, and mortgage-backed securities, including direct

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 55 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
|---|---|

51242222.1
51285722.2

and indirect transfers from the custodial accounts, to pay Berg's personal expenses and to pay expenses of Berg's bus companies. Plaintiffs received no benefit for such transfers and monies so transferred resulted in direct economic loss to Plaintiffs, who were investors (and thus beneficiaries of the custodial accounts) at the time of the transfers. Further, but for the substantial assistance and/or encouragement Commerce provided to Berg, Berg would have been unable to carry out, or continue to carry out, his fraudulent scheme, and thus, but for Commerce's wrongful conduct, the fraudulent scheme would have been discovered as early as the start of the relationship with Commerce in 2004. Thus, none of the investments (including re-investments in the form of continued renewals of Notes and accrual of interest payments under the Notes, or otherwise) made by Plaintiffs after such time would have been made and such monies would not have been lost.

## XVIII. PRAYER

**WHEREFORE**, Plaintiffs pray for relief and judgment as follows:

1.  Awarding monetary damages against ~~Defendants~~Defendant, in favor of Plaintiffs, for all losses and damages suffered as a result of the wrongdoings alleged herein, with the exact amount to be proven at trial;

2.  All fees and expenses incurred in this action by Plaintiffs, including but not limited to a reasonable allowance of fees for Plaintiffs' attorneys and experts; and

3.  Such other and further relief as the Court may deem just and proper.

## ~~XII~~IX. JURY DEMAND

Plaintiffs demand a trial by jury on all causes so triable.

DATED: ~~August 29, 2012~~ March 25, 2013.

FOSTER PEPPER PLLC

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 56 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
| --- | --- |

51242222.1
51285722.2

1

2          _____/s/ Jane Pearson_____
           Jane Pearson, WSBA #12785
3          Attorneys for Plaintiffs

4
           EAGAN AVENATTI, LLP
5

6          _____/s/ Michael J. Avenatti_____
7          Michael J. Avenatti (Pro Hac Vice)
           Scott H. Sims (Pro Hac Vice)
8          Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 57 | FOSTER PEPPER PLLC<br>1111 THIRD AVENUE, SUITE 3400<br>SEATTLE, WASHINGTON 98101-3299<br>PHONE 206-447-4400 FAX (206) 447-9700 |
|---|---|

51242222.1
51285722.2