**Below is the Order of the Court.**

_____
Karen A. Overstreet
U.S. Bankruptcy Judge
**(Dated as of Entered on Docket date above)**

_____

Karen A. Overstreet
Bankruptcy Judge
United States Courthouse
700 Stewart Street, Suite 6301
Seattle, WA 98101
206-370-5330

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>CONSOLIDATED MERIDIAN FUNDS,<br>a/k/a MERIDIAN INVESTORS TRUST, et al.<br><br>        Debtors. | Case No. 10-17952 |
| MARK CALVERT, as liquidating Trustee of<br>MERIDIAN INVESTORS TRUST, et al.<br><br>        Plaintiffs,<br>  vs.<br><br>THE COMMERCE BANK OF<br>WASHINGTON, N.A., a federally chartered<br>commercial bank,<br><br>        Defendant. | Adv. No. 12-01767<br><br><br><br><br><br><br>ORDER ON COMMERCE BANK'S<br>SECOND MOTION TO DISMISS |

Order - 1

This matter came before the Court on May 3, 2013, on the motion to dismiss filed by The Commerce Bank of Washington, N.A. ("Commerce Bank"), seeking dismissal of the First Amended Complaint (the "FAC") [Dkt. 62]. At the hearing on the motion, the plaintiff trustee (the "Trustee") appeared through his counsel, Scott Sims, Michael Avenatti, and Jane Pierson, and Commerce Bank appeared through its counsel, David Lieberworth and Daniel Vecchio. The Court heard oral argument and has considered the First Amended Complaint [Dkt. 62]; The Commerce Bank of Washington, N.A.'s Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion") [Dkt. 64]; the Declaration of David Lieberworth in Support [Dkt. 65]; Plaintiff's Opposition to the Commerce Bank of Washington, N.A. Motion to Dismiss (the "Opposition") [Dkt. 66]; and The Commerce Bank of Washington, N.A.'s Reply in Support of Motion to Dismiss Plaintiff's First Amended Complaint [Dkt. 67].

## I. BACKGROUND

This is Commerce Bank's second motion to dismiss the Trustee's claims. The first motion to dismiss [Dkt. 37] was granted by the Court on January 3, 2013, in a lengthy order (the "First Dismissal Order") addressing in detail the Trustee's causes of action and the Court's view of what allegations were necessary to meet the pleading standard required by *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). [Dkt. 55]. The First Dismissal Order granted the Trustee the opportunity to file an amended complaint on or before March 25, 2013. The Trustee timely filed the FAC on March 25.

## II. DISCUSSION

### A. First Cause of Action – Aiding and Abetting Breach of Fiduciary Duty

Commerce Bank renews its request for dismissal of the Trustee's claim that the bank

Order - 2

aided and abetted Frederick Darren Berg's ("Berg") breach of fiduciary duty to the investor plaintiffs, on whose behalf the Trustee brings this claim (the "Investor Plaintiffs"). As in the prior motion to dismiss, Commerce Bank contends that the Trustee has failed to properly allege any fiduciary relationship between Berg and the Investor Plaintiffs.

In the First Dismissal Order, the Court instructed that to meet pleading requirements with regard to the breach of fiduciary duty claim the Trustee needed to plead sufficient facts to establish a direct financial advisory relationship between Berg and the Investor Plaintiffs as required by *Goldstein v. SEC,* 451 F.3d 873, 879–80 (D.C. Cir. 2006) and *Liebergesell v. Evans*, 93 Wash. 2d 881, 889-90, 613 P.2d 1170, 1175 (1980), or allege more than a conclusory allegation that the accounts maintained at Commerce Bank for the Meridian Funds were trust accounts as opposed to mere deposit accounts.

The FAC retains essentially the same allegations with regard to Berg's status as a trusted financial advisor to the Investor Plaintiffs as did the original complaint. The Court found those allegations lacking for the reasons stated in the First Dismissal Order. Accordingly, to the extent that the Trustee continues to use those allegations to support a claim that Berg had a fiduciary duty to the individual Investor Plaintiffs, the Court finds them insufficient. The Trustee, however, appears to have changed his theory regarding the breach of fiduciary duty claim.

The Court held in the First Dismissal Order that the Trustee had failed to sufficiently allege that the accounts maintained at Commerce Bank for the Meridian funds were trust accounts creating a fiduciary obligation on the part of Berg with regard to those accounts and the Investor Plaintiffs. In the FAC, the Trustee appears to have abandoned the attempt to establish the accounts as "trust" accounts, and has instead amended the complaint to include numerous

Order - 3

allegations directed at demonstrating the accounts were instead "custodial" accounts set up for the benefit of the Investor Plaintiffs. [FAC, ¶¶ 5.6-5.10; 6.3-6.8]. The FAC now alleges that Berg's intent was to create custodial accounts and it alleges various ways Commerce Bank gained knowledge of that intent. [FAC, ¶¶5.10, 5.8]. The FAC further alleges that the documents/agreements creating the custodial terms were the subscription agreements and other offering documents for the Meridian funds, which, according to the FAC, called for the checks by the Investor Plaintiffs to be written to the relevant "Custodial Account" for the particular Meridian Fund. [FAC, ¶5.9]. The Court finds these allegations sufficient to establish a fiduciary relationship between Berg and the Investor Plaintiffs. *In re the Marriage of Petrie*, 105 Wash.App.268, 19 P.3d 443 (2001). The Trustee relies on the *Petrie* case to support his contentions that a custodian's (i) commingling of his personal funds with funds in the custodial accounts constitutes a form of self-dealing and a breach of the custodian's fiduciary duty; and (ii) misappropriation of custodial funds to purchase a personal asset constitutes a breach of fiduciary duty. While the *Petrie* case does stand for those general propositions, it is worth noting that the custodial accounts at issue in that case were a creation of state law and a court order. Whether the Meridian subscription agreements and other offering documents contain language sufficient to create custodial accounts in this case is a matter for summary judgment.

Having properly pled Berg's fiduciary duty to the Investor Plaintiffs, the breach of that duty, and Commerce Bank's knowledge of the custodial relationship, it is still necessary for the FAC to sufficiently allege that Commerce Bank substantially assisted in Berg's breach of fiduciary duty. As to substantial assistance, the FAC alleges that with the knowledge that the accounts were custodial accounts into which investor funds were deposited for the sole purpose of the funds' investment of those funds in real estate investments, Commerce Bank nonetheless

Order - 4

allowed Berg to commingled the funds in the custodial accounts with his own personal and related corporation funds and to misappropriate the funds to buy personal assets and pay personal obligations. Based upon the *Petrie* case, these allegations appear to be sufficient to pass muster under *Iqbal* and *Twombly* as they state a plausible claim for substantial assistance of Berg's breach of fiduciary duty.

### B. Second Cause of Action – Aiding and Abetting Fraud

The thrust of Commerce Bank's first motion to dismiss was that the Trustee had failed to sufficiently allege that the bank aided and abetted Berg's Ponzi scheme. In response to that motion, the Trustee relied on *Slatkin v. Neilson (In re Slatkin)*, 525 F.3d 805 (9th Cir. 2008), in which the court held that a Ponzi operator's plea agreement is admissible under Federal Rule of Evidence 807, and that a guilty plea conclusively establishes the debtor's fraudulent intent under 11 U.S.C. §548(a)(1)(A). Agreeing with Commerce Bank, the Court in the First Dismissal Order held that the Trustee could not rely solely on Berg's plea agreement and a conclusory allegation that Commerce Bank knew Berg was operating a Ponzi scheme to satisfy all pleading requirements relative to his fraud claim.[1] Specifically, the Court held that the complaint would have to be amended to state specific facts which would put the bank on notice as to what, when and how it is alleged to have known of Berg's fraud, and how the bank's alleged participation in Berg's misappropriation of investor funds proximately caused the Investor Plaintiffs' losses.

The FAC adds additional allegations that as a result of communications between the bank and Berg and the Meridian Funds, and having knowledge of Berg's representations about how the Investor Plaintiffs' funds would be used from the subscription agreements and other offering

---

[1] The Court did conclude, however, that the complaint contained sufficient allegations as to the predicate fraud *by Berg*, in that, the complaint alleged that Berg solicited funds from the Investor Plaintiffs by falsely representing that he would invest those funds in seller financed real estate contracts, real estate, mortgage backed securities, and hard money loans.

Order - 5

documents, Commerce Bank had knowledge that Berg was defrauding the Investor Plaintiffs by falsely representing to them that their funds would be invested in real estate related investments.[2] [FAC, ¶¶ 5.15, 7.4]. The FAC further alleges that Commerce Bank substantially assisted Berg's fraud by knowingly allowing Berg to commingle his personal and corporate funds in the Meridian funds' custodial accounts and by executing transfers of funds from those accounts for Berg's purely personal purposes. [FAC, ¶¶5.16, 7.5]. Finally, the FAC contains additional allegations that Commerce Bank's conduct proximately caused the Investor Plaintiffs' harm by facilitating the improper misappropriation of their funds from the custodial accounts and by permitting Berg to prolong his fraudulent enterprise to the additional detriment of the Investor Plaintiffs. [FAC, ¶¶ 6.8, 7.8]. The Court finds that these additional allegations make out a plausible claim that Commerce Bank aided and abetted Berg's fraud on the Investor Plaintiffs.

## ORDER

NOW, THEREFORE, it is HEREBY ORDERED that Commerce Bank's Motion to Dismiss at Dkt. 64 is DENIED.

///END OF ORDER///

---

[2] On the subject of what knowledge it had and when, Commerce Bank challenges the Trustee's allegation in paragraph 5.17 of the FAC that the bank had knowledge of Berg's fraud and breaches of fiduciary duty in 2009 as a result of a fax from Thomas Opsahl of Capston Financial Group, Inc. The fax is not attached to the FAC. However, attached to the declaration filed by counsel for the bank, Mr. Lieberworth [Dkt. 65], is a July 26, 2010 fax which the bank contends is the only fax to which paragraph 5.17 could be referring and which contradicts the FAC's assertion that the bank had some knowledge in 2009. Whether the latter fax is the only fax to which paragraph 5.17 could refer is a question of fact which cannot be resolved on the instant motion to dismiss.

Order - 6